UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

| | |
|---|---|
| COOPERATIEVE RABOBANK U.A., NEW YORK BRANCH, BROWN BROTHERS HARRIMAN & CO., BANK HAPOALIM B.M., MITSUBISHI INTERNATIONAL CORPORATION, ICBC STANDARD BANK PLC, TECHEMET METAL TRADING, LLC, WOODFOREST NATIONAL BANK, and HAIN CAPITAL INVESTORS MASTER FUND, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>CROWE LLP,<br><br>Defendant. | Removed from:<br><br>Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida<br><br>Civil Division<br><br>Case No.: 2019-018945-CA 01 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Crowe LLP ("Crowe"), pursuant to 28 U.S.C. §§ 1334(b), 1367, 1441, 1446, and 1452, hereby removes the entire above-captioned civil action, and all claims and causes of action in that action, from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Civil Division, to the United States District Court for the Southern District of Florida.[1]

Crowe respectfully provides the following statement in support of this removal:

---

[1] Crowe will promptly file a motion to transfer this case to the United States District Court for the Southern District of New York.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

1. This action is related to the pending Chapter 11 bankruptcy proceeding of Republic Metals Corporation ("Republic"), which was filed in November 2018 in the Southern District of New York and remains pending. *See* Complaint (Exhibit A-1) ¶¶ 4, 65-66.[2]

2. Removal is appropriate here because this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1334(b) and 1452(a), and supplemental jurisdiction under 28 U.S.C. § 1367 for any claims or parties not subject to jurisdiction under 28 U.S.C. § 1334.[3]

**Crowe's Audits of Republic**

3. Republic hired Crowe to audit its financial statements for the years ending December 31, 2014 and 2015. The terms of the engagement letter agreements between Republic and Crowe were materially the same for both 2014 and 2015.

**Republic's Chapter 11 Bankruptcy**

4. Republic and several of its affiliated companies filed a Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the Southern District of New York on November 2, 2018. *See In re Republic Metals Refining Corporation*, Case No. 18-13359 (U.S. Bankr. Ct., S.D.N.Y.) (the "Republic Bankruptcy"), Dkt. 1.

5. Three days later, the Plaintiffs in this case, Cooperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co., Bank Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank PLC, Techemet Metal Trading, LLC, Woodforest National Bank, and Bank Luemi USA (the predecessor in interest to Hain Capital Investors Master Fund, Ltd., in this matter) appeared in the Republic Bankruptcy and asserted their rights as senior secured lenders to the debtors. *See In re Republic Metals Refining Corp.*, Case No. 18-13359 (U.S. Bankr.

---

[2] Republic Metals Corporation and its subsidiaries and affiliates collectively filed for bankruptcy as debtors in the same action.
[3] By removing this matter, Crowe does not waive, and expressly preserves, any and all defenses that it may have.

Ct., S.D.N.Y.), Dkt. 21.  Those lenders — who would eventually file this litigation against Crowe approximately eight months later — have actively participated in the Republic Bankruptcy ever since.

6. On March 11, 2019, those lenders—who are, again, the Plaintiffs in this litigation — disclosed that "[c]urrent and former representatives of Crowe Horwath LLP, as accountants to the Debtors" were believed to "have discoverable information the Senior Lenders may use to support their claims or defenses" in the Republic Bankruptcy.  *See In re Republic Metals Refining Corporation*, Case No. 18-13359 (U.S. Bankr. Ct., S.D.N.Y.), Dkt. 761, at p. 3. (Exhibit B.)

7. To date, Crowe has received three subpoenas in the Republic Bankruptcy. (Exhibits C, D and E.)  Those subpoenas sought testimony and documents about Republic's inventory, including any audits or other reports written by Crowe about Republic's inventory.  (Exhibit D, seeking testimony regarding any "audits, physical inventory counts, or inventory reports, regarding the Debtors' assets;" and also seeking "communications with the Debtors and/or Senior Lenders concerning or relating to any physical inventory count of the Debtors' assets" and any documents "relating to any audits [Crowe] performed of the Debtors' assets, including inventory"); Exhibit E (same).)

**Plaintiffs' Complaint Against Crowe**

8. On or about June 24, 2019, Plaintiffs filed this action in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Civil Division.  The case was assigned case number 2019-018945-CA 01.

9. On June 27, 2019, Plaintiffs delivered a copy of the Complaint along with a Summons form to the front desk of a Crowe office located in Miami, Florida.[4]  The Complaint and

---

[4] The Complaint and Summons delivered to Crowe's Miami office on June 27, 2019, are attached to this Notice of Removal as Exhibit A-1.

Summons were not served upon a Crowe partner, nor were they delivered to Crowe's registered agent for service of process in Florida.

10. On July 16, 2019, Crowe's office of general counsel informed counsel for Plaintiffs by email that Crowe was willing to accept service of the Complaint and Summons in this action by mail delivery to Crowe's registered agent in Florida.

11. Also, on July 16, 2019, counsel for Plaintiffs agreed by email to serve Crowe by mail to Crowe's registered agent in Florida, and further agreed that "Crowe retains all defenses except against validity of service of process and has until 8/30 to move, answer, or otherwise respond." That same day, counsel for Plaintiff emailed a copy of the Complaint to Crowe.[5]

12. On July 18, 2019, counsel for Plaintiffs delivered certain case documents to Crowe by email, including an order setting an initial case management conference for September 5, 2019, an order granting a *pro hac vice* appearance, and a copy of the court rules.[6]

13. On July 20, 2019, Crowe's registered agent in Florida, CT Corporation, notified Crowe that service had been received by mail.[7]

14. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint served by mail upon Crowe's registered agent is attached to this Notice as Exhibit A-1.

15. This notice is timely filed under 28 U.S.C. § 1446(b).

16. In accordance with 28 U.S.C. § 1441(a), the state court in which this action was commenced is within this Court's jurisdiction.

---

[5] The copy of the Complaint emailed to Crowe on July 16, 2019, is attached to this Notice of Removal as Exhibit A-2.
[6] The court documents provided by counsel for Plaintiff to Crowe on July 18, 2019, are attached to this Notice of Removal as Exhibit A-3.
[7] The documents served upon Crowe's registered agent on or about July 20, 2019, are attached to this Notice of Removal as Exhibit A-4.

17.  The Plaintiffs allege that they are a group of financial institutions and precious metals lessors. Complaint (Exhibit A-1) ¶ 6. None of the Plaintiffs are organized in or have their principal place of business in Florida. *See* Complaint (Exhibit A-1) ¶¶ 7-14. Plaintiffs allege that they are organized respectively in the Netherlands, New York, Israel, New York, England and Wales, Texas, New York, and the Cayman Islands. *See* Complaint (Exhibit A-1) ¶¶ 7-14. Plaintiffs variously allege that they maintain principal places of business in New York, New Jersey, Texas, and the United Kingdom. *See* Complaint (Exhibit A-1) ¶¶ 7-14.

18.  Plaintiffs allege that they provided secured credit facilities and associated loans and precious metal leases to Republic. Complaint (Exhibit A-1) ¶ 1. Plaintiffs allege that in making these decisions, they relied upon Crowe's audits of Republic's 2014 and 2015 financial statements. *See* Complaint (Exhibit A-1) ¶¶ 1, 3, 41-60. And Plaintiffs allege that Crowe owed duties to them. *See* Complaint (Exhibit A-1) ¶¶ 61-64. Plaintiffs allege that Republic's financial statements were materially inaccurate and Crowe's audits did not detect or disclose those inaccuracies. *See* Complaint (Exhibit A-1) ¶¶1-3, 21-40. Plaintiffs assert claims against Crowe for negligent misrepresentation, for gross negligence, and for violations of Florida's Deceptive or Unfair Trade Practices Act. *See* Complaint (Exhibit A-1) ¶¶ 4, 67-85.

19.  Plaintiffs' claims against Crowe are based entirely on allegations concerning Republic's inventory and on Crowe's audit reports insofar as they concerned Republic's inventory. *See*, *e.g.*, Complaint (Exhibit A-1) ¶¶ 21-40.

20.  Plaintiffs allege that Republic filed for Chapter 11 bankruptcy in November 2018, due to "a significant discrepancy in [Republic's] inventory accounting." Complaint (Exhibit A-1) ¶¶ 4, 65-66.

21. Plaintiffs allege that when Republic filed for bankruptcy, it owed Plaintiffs over $177 million under loans and metal leases, and that those amounts remain unpaid. Complaint (Exhibit A-1) ¶ 4.

**Bankruptcy "Related To" Jurisdiction**

22. As noted above, Republic, the borrower and lessee of the loans and leases that are the subject matter of this action and the debtor that owes money to the Plaintiffs, filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, *In re Republic Metals Corporation*, Case No. 18-13359, on November 2, 2018. *See* Complaint (Exhibit A-1) ¶¶ 4, 65-66. The Republic Bankruptcy proceedings are currently pending before U.S. Bankruptcy Judge Sean H. Lane.

23. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), which provides that United States district courts shall have jurisdiction over all civil proceedings, *inter alia*, "related to cases under title 11 [the United States Bankruptcy Code]." This action may be removed to this Court by Crowe under 28 U.S.C. § 1452(a), which provides for removal of an action to a district court if it has original jurisdiction under section 1334, because this action is "related to" a case under Chapter 11, here the Republic Bankruptcy.

24. This action is "related to" the Republic Bankruptcy, and therefore it is proper for Crowe to remove this action to this Court pursuant to 28 U.S.C. § 1452(a), because it is more than conceivable that the outcome of this case will have an effect on the Republic bankruptcy estate. "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor

or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999) (*quoting Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990)). This jurisdictional grant is "extremely broad." *Toledo*, 170 F.3d at 1345.

25. An action is "related to" a bankruptcy proceeding even when the claims are between third parties. *Celotex Corp. v. Edwards*, 514 U.S. 300, 308-310 (1995) (holding that "the 'related to' language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate").

26. This action "relates to" the Republic Bankruptcy and the bankruptcy estate for at least these reasons: (i) both the Republic Bankruptcy and this litigation concern common issues of fact relating to Republic's inventory and any audits or other reports issued by Crowe concerning that inventory and its value, (ii) discovery in both the Republic Bankruptcy and this matter concerns the valuation of Republic's inventory and any audit reports by Crowe concerning that inventory, (iii) the Plaintiffs disclosed Crowe as a material witness in the Republic Bankruptcy, (iv) Crowe has received three subpoenas in the Republic Bankruptcy, (v) Republic was the borrower on the loans in dispute, (vi) Republic was the lessee on the leases in question, (vii) all of the Plaintiffs have filed appearances in the Republic Bankruptcy, (viii) the Plaintiffs have been named as parties to adversary proceedings under the Republic Bankruptcy, (ix) the Plaintiffs have filed creditor claims in the Republic Bankruptcy, (x) recoveries by Plaintiffs in this action may impact their rights to recover from the Republic bankruptcy estate, (xi) recoveries by Plaintiffs in

this action may reduce the liabilities of the debtor to Plaintiffs, if any, in bankruptcy, and (xii) Crowe may have claims for common law contribution from Republic in this action.

27. In addition, this action relates to the Republic Bankruptcy and Republic's bankruptcy rights because pursuant to its engagement letter agreements, Crowe has contractual and may also have common law claims against Republic for indemnification against all of the Plaintiffs' claims asserted in this action, including for payment of attorney fees and defense costs.

28. Republic agreed that its management was responsible for the preparation and fair presentation of Republic's financial statements, and that Crowe's audit opinions were intended for the benefit and use of Republic only.

29. Accordingly, Republic agreed to indemnify Crowe against claims that might be asserted against Crowe by any third parties. Republic agreed that this indemnification obligation was intended to apply to the fullest extent allowed by law and would also apply after the termination of the engagement letter agreements.

30. Republic's indemnification of Crowe includes indemnification for all costs, fees, expenses, damages and liabilities, including attorney fees and any other fees or defense costs, associated with any such third-party claims. These indemnity obligations not only "conceivably" relate to the bankruptcy estate, they directly impact the value of the Republic bankruptcy estate.

31. For any claims or parties not subject to jurisdiction under 28 U.S.C. § 1334, supplemental jurisdiction lies under 28 U.S.C. § 1367 because all claims by and against all parties in this case form part of the same case or controversy.

**Other Procedural Requirements**

32. This is not a core proceeding under 28 U.S.C. §157(b). Crowe, the removing defendant, does not consent to entry of final orders or judgment by any bankruptcy judge.

33. Exhibit A includes a copy of all process, pleadings, and orders serves upon Crowe, the removing defendant, pursuant to 28 U.S.C. §1446(a). Exhibit A includes the following items:

   a. Exhibit A-1 – copy of Complaint and Summons delivered to Crowe's Miami office on June 27, 2019;

   b. Exhibit A-2 – a copy of the Complaint emailed by counsel for Plaintiff to Crowe on July 16, 2019;

   c. Exhibit A-3 – a copy of the items emailed by counsel for Plaintiff to Crowe on July 18, 2019, including an order setting an initial case management conference for September 5, 2019, an order granting a *pro hac vice* appearance, and a copy of the court rules; and

   d. Exhibit A-4 – a copy of the service copy of the Complaint delivered to Crowe's registered agent in Florida on or about July 20, 2019.

34. Crowe, the removing defendant, will promptly serve a copy of the Notice of Removal on counsel for Plaintiffs and file with the Clerk of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Civil Division, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d).

35. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11 and Bankruptcy Rule 9011.

36. Crowe appears for the purpose of removal only and for no other purpose and reserves all rights and defenses available to it, including the right to amend or supplement this Notice of Removal.

WHEREFORE, Crowe LLP, the removing defendant, removes this action in its entirety from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Civil Division, to the United States District Court for the Southern District of Florida.

Dated:  July 25, 2019	Respectfully submitted,

COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse 1
Miami, Florida 33133
Telephone:	(305) 858-2900
Facsimile:	(305) 858-5261

By:  s/  Paul J. Schwiep
Paul J. Schwiep, FBN 823244
PSchwiep@CoffeyBurlington.com
Fernando L. Tamayo, FBN 28530
FTamayo@CoffeyBurlington.com
Secondary:	YVB@CoffeyBurlington.com
Tertiary:	service@CoffeyBurlington.com

*Counsel for Defendant Crowe LLP*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF and via Electronic Mail.

s/  Paul J. Schwiep

| Service List ||
|---|---|
| **Scott Jay Feder, Esq.** <br> ScottJ8@aol.com <br> SCOTT JAY FEDER, P.A. <br> 4649 Ponce de Leon Boulevard, Suite 402 <br> Coral Gables, Florida 33146 <br> Telephone:     (305) 669-0060 <br> Facsimile:     (305) 669-4220 <br> Secondary: <br>          AssistantScottJFeder@hotmail.com <br><br> *Counsel for Plaintiffs* | **Andrew T. Solomon** <br> Attorney at Law (*pro hac vice* pending) <br> ASolomon@SolomonCramer.com <br> SOLOMON & CRAMER LLP <br> 1441 Broadway, Suite 6026 <br> New York, New York 10018 <br> Telephone:     (212) 884-9102 <br> Direct Dial:     (646) 518-7822 <br> Cell:               (917) 664-5575 <br> Facsimile:     (516) 368-3896 <br><br> *Counsel for Plaintiffs* |

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261