# Exhibit A 3 iii

## to
## Defendant's Notice of Removal

**Eleventh Judicial Circuit of Florida**
**Circuit Civil Division**
**Complex Business Litigation Rules**
**Effective January 2017**

**The purpose of the Complex Business Litigation sections of the Circuit Civil Division is to provide timely and cost-effective resolution of complex business disputes.  In pursuit of this goal, these sections shall utilize active judicial case management in collaboration with parties and counsel.  Parties and their attorneys should expect to be held to the deadlines established as a function of meaningful case management, and expect a firm trial date.**

## SECTION 1 - TITLE, SCOPE AND PURPOSE

**1.1** **Title:**   These "Rules" shall be known and cited as the Complex Business Litigation ("CBL") Rules. They may also be referred to in abbreviated form as "CBL".

**1.2** **Scope:**   The Rules shall apply to all actions in CBL except to the extent that, in any particular action, they are superseded by an order of the presiding Circuit Judge.  Currently, CBL consists of Section 40, 43, 44, Section 03 for designated matters of the Circuit Civil Division.

**1.3** **Integration with Other Rules:** These **CBL rules** are intended to supplement, not supplant, the rules adopted by the Supreme Court of Florida. **However, the CBL rules and orders entered in the case shall govern all time deadlines in lieu of the Florida Rules of Civil Procedure.**

## SECTION 2 - CASE FILING, ASSIGNMENT, TRACKING, AND IDENTIFICATION

**2.1** **Cases Subject to Complex Business Litigation:** The principles set out in Amended Administrative Order ("A.O.")  No. 16-12 shall govern the assignment of cases to the CBL.  Procedures for transfers into and out of CBL shall be governed by circuit-wide administrative procedures and the CBL procedures set forth below:

General Transfer Provisions:

1. All transfers between divisions must be ordered by the Administrative Judge or her designee.  Circuit Civil Judges assigned to individual divisions cannot transfer cases.  Hearings on transfers between divisions will be heard by the Administrative

Judge, or her designee.  Transfers must be raised by motion and are governed by A.O. 79-1.

2.  Attorneys cannot agree to a transfer which violates the provisions of the administrative orders.  If special circumstances apply in a case as set forth in provision 4(d) of A.O. 79-1, those circumstances must be argued in the motion to transfer with specificity.

3.  All Motions to Transfer must be filed separately.  They shall not be combined with other motions which must be considered by the presiding division judge, for example, motions to consolidate or stay.  Filing multiple motions in one pleading will result in rejection of your motion, delay the disposition of the motion, and prevent it from being set on the calendar.

Complex Business Litigation Transfer Provisions:

4.  The purpose of CBL is to actively case manage complex actions to a timely and cost-effective resolution.   CBL's effectiveness is diminished when cases are transferred to the division after they have been pending for some time, as they benefit less from the active supervised case management of CBL.   Therefore, parties who seek to use CBL must take steps to get the case to CBL promptly and early.

5.   In order to establish the expanded CBL sections, Circuit Civil Judges may request the Administrative Judge to transfer an eligible case to the new CBL sections.  The Administrative Judge shall review judicial requests to assure that the cases meet the criteria of $750,000 in controversy and eligible causes of action, and if appropriate, order the transfer.  If a party objects to the transfer in, it may file a written objection within 10 days and set same on the transfer calendar before the Administrative Judge.

Mandatory Filing

6.  Under A.O. 16-12, there are actions which are required to be filed in CBL.  For those actions, the Administrative Judge may transfer the actions should she determine that they were improvidently assigned to the general Circuit Civil Division.  All mandatory actions must meet the $750,000 amount in controversy

requirement.  If it appears that a mandatory action was filed in without meeting the amount in controversy, the Administrative Judge may transfer it out of CBL. If a party objects to a transfer out, it may file a motion for rehearing within 10 days and set same on transfer calendar.  Parties are cautioned that if they wish to use CBL, amounts in controversy should be specified clearly in pleadings as opposed to the general claim of damages in excess of $15,000.

### Discretionary Filing

7.  With regard to causes of action which are subject to discretionary assignment to CBL:

    a. Plaintiffs must file into CBL upon filing a complaint.  Plaintiffs cannot move to transfer the case after filing except:

        i. Where the original civil cover sheet requested the assignment to CBL and the Clerk of Court failed to assign the case to CBL, or

        ii. At a specific pleading juncture defined below which impacts the case and enhances its eligibility for CBL.

    b. With regard to cases which are assigned to regular division upon filing, Defendants must move to transfer at time of filing first response, whether motion to dismiss or answer.  Alternatively, if the case was direct-filed to CBL, the Defendants must move to transfer out of CBL at that time. Third Party Plaintiffs must move to transfer at time of filing Third Party Complaint. Third Party Defendants must move to transfer at time of filing response to complaint, whether motion to dismiss or answer.

### Related Cases

8.  From time to time, cases may be transferred to CBL because they are related to a CBL case(s).  Related cases need not meet the required action categories or the amount in controversy.  If a party opposes assignment to CBL, within 10 days of transfer, the party must file a motion to transfer back to the original division.

9.  A party may move for transfer in or out upon significant amendment of pleadings.  Transfer upon amendment of pleadings is discretionary with the Administrative Judge.  The longer a case has been pending the less likely it is that

the case will be transferred to CBL, due to the priority placed upon case management in business court. Cases which are set for trial will not be transferred except in extraordinary circumstances where justice so demands. Cases which have been the subject of significant labor by a division judge will be less appropriate for transfer.

10. Transfer motions must be immediately set for hearing upon filing and hearings on dispositive matters should not occur until the transfer issue is resolved. Because there is a weekly transfer calendar, a pending transfer motion should not delay the case or be used as a mechanism to avoid hearings on other matters.

11. The Court will generally adhere to these provisions, however, they may be waived by the Administrative Judge/designee where justice so requires.

12. Any conflict on the part of the designated CBL Judge, or recusal, shall automatically move the case by blind-filing to another CBL Division Judge. In the event no CBL Judge can address the case, the matter will be sent to the Administrative Judge to address.

**2.2   Complex Business Litigation Division service:** All papers and pleadings, except uncontested discovery materials **shall** be served upon CBL by adding CBL to the service list. The service address to use for CBL shall be listed on the assigned judge's website, but parties should expect to use the CBL email service address of the section to which they are assigned, for example, cbl40@jud11.flcourts.org. cbl43@jud11.flcourts.org. cbl44@jud11.flcourts.org. cbl03@jud11.flcourts.org.   These addresses are to be used for service of pleadings and papers only and are not to be used for communication with court staff or judicial assistants. Parties should assume that any email sent to this address which is not service of a court pleading or paper will be intercepted as spam and will not be seen or read.

**2.3   eCourtesy, e-service and pro se:**   eCourtesy is a separate, stand-alone procedure by which parties submit by email materials which would have previously been mailed or hand-delivered to the court. Courtesy copies do not replace the requirement of serving the CBL email service address or the requirement of filing in the official record with the Clerk of Court. When submitting items via eCourtesy, care should be taken to

submit them to the proper category, for example, special sets, proposed orders, motion calendar, etc. A hearing date or a request for hearing date, should accompany all eCourtesy filings as required by the procedure of the CBL Judge.  Please see their webpages at www.jud11.flcourts.org.

**SECTION 3 - CALENDARING, APPEARANCES, AND SETTLEMENT**

**3.1**    **Appearances:** An attorney who is notified to appear for any proceeding before the Court, must, consistent with ethical requirements, appear or have a partner, associate, or another attorney familiar with the case present.

a. **Phone appearance:**  Given the complexity of these actions, counsel should plan to appear live if they wish to argue or defend significant motions, other than on a five minute motion calendar.   Other than that, parties and counsel should check the webpages of individual judges for specific guidance on telephone appearance.  Telephone appearance may be requested by email, and may be confirmed by email response granting or denying the appearance from the judicial assistant conveying the judge's determination, in an effort to avoid needless motion practice.   If an attorney is appearing by phone or telemedia, he or she is responsible for assuring an appropriate connection.

b. The Court may, at the commencement of the case, designate a party as responsible for coordinating all telephone conference/appearances by setting up a call in number and providing a list, no later than the day before the hearing of telephone attendees.

c. Rules for telemedia shall be developed as use of media expands.

**3.2**    **Notification of Settlement**:   When any cause pending in the CBL is settled, all attorneys or unrepresented parties of record, shall notify the CBL Judge in writing within two (2) business days of the settlement and shall advise the Court of the party who will prepare and present the judgment, dismissal, or stipulation of dismissal and the date when such filings will be delivered to the Court. **Parties must submit the order of dismissal for execution by the Court within 30 days, or seek an extension which shall include specific facts justifying the extension and a new proposed deadline for dismissal.** In addition, the plaintiff shall provide to the Court a courtesy copy of the final disposition form filed with the Clerk as per Fla. R. Civ. P. 1.100.

Failure to submit the order of dismissal within thirty (30) days will result in the Court scheduling an immediate status conference.

**3.3    Notification of Appeal or Petition for Writ of Certiorari:**  In the event any party files a Petition for Writ of Certiorari or a notice of appeal during the course of the proceeding which would divest this Court of jurisdiction, that party shall provide the Court with a copy of the petition or notice in order to advise the Court that such a proceeding has been commenced.  **Parties shall not submit briefs on appeal to the Court or eCourtesy.  Prevailing parties should notify the Court of a dispositive ruling on appeal or writ within five days after issuance of a dispositive document.**

### SECTION 4 – MOTION PRACTICE

**4.1    Motions, Responses, Replies, Content –** The procedures for motion practice are contained within a separate Order issued by the CBL Judge, together with the requirements contained in the **Mandatory Order to Confer**.  Time frames are governed by order and Fla. R. Civ. P. 1.090. Motion briefing deadlines as set forth in these rules are court orders.  Parties shall comply.

**4.2    Font and Spacing Requirements:**  All motions and memoranda shall be double-spaced on 8.5" x 11" paper with a 1" margin and in Times New Roman or Arial with a minimum 12-point font.

**4.3    CBL Division Judges require compliance with the Mandatory Order to Confer, and the filing of a Certificate of Conferral shall be provided with each motion.  Conferral requires an actual discussion between attorneys, not between staff members.  Attorneys must discuss in person or on the telephone.**

**4.4    Failure to File and Serve Motion Materials:** A motion or opposition unaccompanied by a required memorandum may be summarily rejected or denied.

Failure to timely file a memorandum in opposition to a motion may result in the pending motion being considered and decided as an uncontested.  Motion briefing deadlines are court orders.

**4.5   Ruling upon Motions:**  Any motion may be decided on the papers.  Once a deadline to file a response has expired, the Court may rule without the response.

**4.6 Preparation and Submission of Proposed Orders:**  Proposed orders shall be prepared as directed by the Court, and shall be exchanged and approved by all parties prior to submission to the Court.  If there is a dispute, all parties shall share competing drafts of the order and attempt to agree.  If agreement is impossible, all versions of the order with areas of dispute highlighted/red-lined shall be submitted together in editable (Word) format to the Court by the movant along with the transcript of the hearing no later than 14 days after the hearing.

**4.7 Motion Calendar:**  Motion calendars shall be set at each judge's discretion, please check the judge's webpage for requirements.  No motion requiring briefing shall be set on motion calendar prior to the expiration of briefing deadlines.

**4.8 Discovery Motion Practice:**

a. Where there is a complete failure to respond to discovery by the rule-imposed deadline, counsel shall avail themselves of the ex-parte motion to compel procedure contained in A.O. 06-09.

b. Parties should not seek an extension of time to respond and then respond with objections to the language of the discovery.  Objections evident from the face of the discovery should be timely raised at the first instance.  Privilege logs are due at the time of the response.   Blanket objections may be construed as a failure to respond.  Specific objections should be raised to the specific interrogatory or request to produce; blanket objections at the commencement of a response will not be considered.

**4.9 Motions to File Under Seal/Designation of Confidentiality:**  Parties shall comply with F. R. Jud. Admin 2.420 and A.O. 10-10.  In-camera submissions shall be made as ordered by the judge.

**SECTION 5 - CASE MANAGEMENT AND CASE MANAGEMENT CONFERENCES**

In order to assure the timely and cost-effective progress of the case, the parties will be asked to participate in charting the course of the case from inception.  The CBL Judge will issue Case Management Orders ("CMO") which lay out the plan for the case. The parties are expected to conduct the litigation in conformance with the deadlines in the plan.

All counsel are charged with the responsibility of keeping themselves informed as to what orders have been issued by the Court.

**5.1    Mandatory Case Management Conferences**:    Case management conferences ("CMC") are an essential organizational tool to move complex business litigation effectively and efficiently.  CBL employs CMCs as set forth in Fla. R. Civ. P. 1.200(a) to that end. Pursuant to Fla. R. Civ. P. 1.200(a) CBL Judges will issue orders with specific instructions scheduling some or all of the following:   Initial Case Management Conference; Scheduling Case Management Conference, Interim Conferences, which may be set on a regular or as needed basis; Final Case Management Conference which must comply with requirements contained in the Case Management Order and Final Pretrial Conferences.

**1. Initial Case Management Conference ("ICMC"):**  The ICMC shall be set upon filing of the case into CBL.  Plaintiff shall take steps to serve defendants promptly and notice all parties who appear after the issuance of the order of the ICMC date and obligations.   At the ICMC, the court and the parties will review the nature of the case, the status of the pleadings, the status of service, and overall anticipated scheduling. The parties should meet to discuss the following:

a. Preliminary dates will be set for deadlines for the exchange of interrogatories

and requests for production, discovery/depositions of fact witnesses, discovery/dispositions of expert witnesses, dispositive motion deadlines, pretrial motion deadlines, and a tentative trial time estimate and trial date.

b. The parties should also discuss ESI issues such as preservation, search terms, salient authors and addresses. The possibility of obtaining agreements among the parties regarding the extent to which ESI should be preserved, the form of production, whether discovery should be conducted in phases or limited to particular individuals, time periods or sources;

c. Confidentiality agreements should be negotiated at outset or **as soon as issues regarding confidentiality emerge**, and proposed orders provided. **The parties may reach their own agreement regarding the procedures for designation of materials as confidential and handling of the designated material. Confidentiality agreements shall be effective upon agreement and shall be enforceable immediately. The parties may submit an agreed confidentiality order. Asserting confidentiality in discovery without proposing a confidentiality agreement may be non-persuasive.** Each confidentiality agreement shall provide, or shall be deemed to provide, that no party shall file documents under seal without having first obtained an order granting leave of Court to file documents under seal based upon a showing of particularized need.

d. The parties should identify and list initial witnesses known to them to have knowledge of the issues before the court and estimate the number of potential witnesses in the case.

e. The parties should also explore the informal exchange of documents by

agreement as opposed to the use of more formal discovery procedures.

f. An initial case management report shall be filed with and provided to the court no later than five business days prior to the ICMC. Plaintiff shall bear the burden of setting up the parties' ICMC meeting for purposes of preparing the report, and of filing/providing the report with the court.

g. At this conference, clients and insurance representatives must attend but may appear by telephone.  No order shall be necessary to allow telephone appearance. Counsel shall appear live.  Plaintiff shall be responsible for setting up the conference call for the ICMC and shall provide the call information and the roll of those appearing by phone to the court and all parties in advance of the ICMC.

2.  **Scheduling Case Management Conference**:  This conference is designed to tailor and finalize the schedule and case management plan for the case, **after the parties have had the opportunity to conduct initial investigation and discovery into the case and explore early settlement**.  A firm trial date will be set at this conference as authorized by Fla. R. Civ. P 1.201, which allows early trial settings whether or not the pleadings are closed.  This conference will also finalize a discovery and mediation schedule.  Attendance is mandatory per Fla. R. Civ. P. 1.201(b)(2).  The party representative and lead counsel must appear at the Scheduling Conference.  A party representative may appear by telephone if permission is granted, in advance. Permission may be requested by email to the judicial assistant.  The Court may require physical attendance of the party representative due to the importance of this conference. Parties should be prepared to discuss the status of discovery exchanges, anticipated legal fees, have selected a mediator, and have identified blocks of time for witness

depositions in the future, particularly experts.   Parties and the Court will discuss and refine the original time estimates from the ICMC, as well as any need to amend pleadings or add parties.  Parties will be providing input to the court with regard to the trial date. Once the trial date is set at the scheduling conference, the parties should understand that this is a firm trial date.  Continuances will not be granted for lack of preparation as counsel are expected to comply with their Case Management Order.  CBL is not a division where preparation runs from the trial date backward.  Parties are expected to prepare their case for trial guided by the deadlines imposed by this order.

At this conference, the Court and the parties will review and update:

a.    Issues related to the pleadings, whether a demand for jury trial has been made, service of process, venue, joinder of additional parties, theories of liability, damages claimed and applicable defenses;

b.    The identity and number of any motions to dismiss or other preliminary or pre-discovery motions that have been filed, or the time period within which such motions shall be filed, briefed and argued;

c.    A finalized discovery plan and schedule, including the length of the discovery period; anticipated witnesses, witness availability and issues, and potentially blocking weeks/times for deposition scheduling if same has been an issue.

d.    Anticipated areas of expert witness testimony, timing for identification of expert witnesses, responses to expert witnesses discovery and exchange of expert witness files, reports or summaries as appropriate;

e.  The possibility of obtaining admissions of fact and voluntary exchange of documents and electronically stored information, stipulations regarding authenticity of documents, electronically stored information, the need for advance rulings from the Court on admissibility of evidence; an estimate of the volume of documents and computerized information likely to be the subject of discovery from parties and nonparties and whether there are technological means that may render document discovery more manageable at an acceptable cost;

f.  The advisability of using the general magistrate for discovery purposes, at no charge to the parties, or a general or special magistrate for fact finding, mediation, or such other matters as the parties may agree upon;

g.  The time period after the close of discovery within which deadlines and scheduling of dispositive motions shall be filed, briefed and argued, and a tentative schedule for such motions;  with Dispositive motions and *Daubert* motions being *filed 90 days* prior to the final pre-trial conference.

h.  The possibility of settlement and the timing of Alternative Dispute Resolution, including the selection of a mediator or arbitrator(s);

i.  The feasibility of sharing the technology resources or platforms among all parties so as to minimize disruption during discovery and at trial; including particularly blocking dates for depositions of experts

well into the future to assure availability; and

j.        Such other issues related to the use of the Court's and parties' special technological facilities as may be raised by any party, the Court or the Court's technological advisor, given the nature of the case and the resources of the parties.

k.        A preliminary listing of the disputed legal principles and material facts at issue;

l.        A preliminary listing of any legal principle and facts that are not in dispute;

m.       A good faith estimate by each party of the length of time to try the case; and

n.        The identity of lead counsel for the matter and other counsel working on the matter for all parties; and

o.        Such other matters as the Court may assign to the parties for their consideration.

A scheduling case management report shall be filed with and provided to the court no later than five business days prior to the SCMC. Plaintiff shall bear the burden of setting up the parties' SCMC meeting for purposes of preparing the report, and of filing/providing the report with the court.  Any deviations or changes from the estimated dates in the ICMC shall be specifically highlighted and the grounds for changing the dates shall be stated in the report and addressed with the court at the SCMC.

## SECTION 6 – DISCOVERY

**6.1 Filing of Discovery Materials pursuant to F.R.Civ. Pro 1.280(g):**

Depositions and deposition notices, notices of serving interrogatories, interrogatories, requests for documents, requests for admission, and answers and responses thereto **shall not be filed** unless the Court so orders or unless the parties will rely on such discovery documents for specific pending matter before the Court, in which case the filing notice shall identify the specific matter for which the discovery material is being filed.   The party taking a deposition or obtaining any material through discovery (including through third party discovery) is responsible for the preservation and delivery of such material to the Court when needed or ordered.

      **6.2  Claiming Privilege or Protecting Trial-Preparation Materials; Privilege Log**: When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party **must**, <u>at the same time the response to the requested discovery is due</u>, produce a privilege log in compliance with the Court's separately issued Order Re: Privilege Log.  **Counsel shall meet and confer in an effort to narrow privilege issues immediately upon the privilege becoming apparent, in an effort to avoid costly delay and logging.**

      **6.3    Discovery with Respect to Expert Witnesses:**  Discovery with respect to experts must be conducted within the discovery period established by the Case Management Order.   In complying with the obligation to exchange information relating to experts, the parties shall disclose the reports and/or information identified in Florida Rule of Civil Procedure 1.280(b)(5) and the expert's file shall be made available for review. Alteration, changes, supplementation and updates to expert opinion shall be disclosed on

a continuing basis subject to the deadlines for opinion established by the Court.  Each party offering an expert witness shall assure availability for deposition.  Expert deposition dates should be blocked at the time of the Scheduling Case Management Conference to assure availability.

**6.4   Extension of the Discovery Period or Request for Additional Discovery:**   Motions seeking an extension of the discovery period or permission to take more discovery than is permitted under the Case Management Order shall be presented with specific information about the reason why extension is necessary and proposed dates for those events to occur which have been the subject of meet and confer among counsel and which should be raised prior to the expiration of the time within which discovery is required to be completed.   Such motions must set forth good cause justifying the additional time or additional discovery and will only be granted upon such a showing of good cause and that the parties have diligently pursued discovery.  If extension is sought for purposes of taking depositions, specific proposed dates should be included in the motion and any proposed order.  Any extension requested must not compromise the firm dates scheduled:   *Daubert* and Dispositive motion deadlines, final pretrial conference deadline and trial date.

**6.5   General Magistrate and Special Magistrates:** The Court may, at any time, on its own motion or on the motion of any party, refer a pending matter or matters to a general magistrate or may appoint a special magistrate in any given case pending in the CBL in accordance with Fla. R. Civ. P. 1.490. Unless otherwise directed, the parties shall equally share the cost of proceeding before a special magistrate, although such

fees may ultimately be taxed as costs.   Upon receipt of the magistrate's report and recommendation, if no exception is filed after the expiration of 10 days, the movant shall provide an order adopting the report to the Court.   If an exception is filed, the party filing the exception must provide the transcript, the report, and the exceptions to the Court via Ecourtesy at the time of filing the exceptions.   The CBL Judge may permit exceptions to be heard on motion calendar upon proper notice.   Check the judge's webpage.

**SECTION 7 - FINAL PRETRIAL CONFERENCE**

**7.1 Mandatory Attendance:**  Lead trial counsel and local counsel for each party, together with any unrepresented party, **shall** attend the final pretrial conference in person unless previously excused by the Court. Attendance of clients is not required.

**7.2  Substance of Final Pretrial Conference:** At the final pretrial conference, all counsel and parties must be prepared and authorized to address the following matters: the formulation and simplification of the issues; the elimination of frivolous claims or defenses; admitting facts and documents to avoid unnecessary proof; stipulating to the authenticity of documents; obtaining advance rulings from the Court on the admissibility of evidence; settlement and the use of special procedures to assist in resolving the dispute: disposing of pending motions; establishing a reasonable limit on the time allowed for presenting evidence and argument; and such other matters as may facilitate the just, speedy, and inexpensive disposition of the actions.   Counsel shall have fully exchanged and reviewed exhibits, and shall have conferred on jury instructions and verdict forms, so as to identify areas of actual dispute.

**SECTION 8 – TRIAL**

**Trial**. Parties should expect to go to trial on their trial date and prepare accordingly.   Since the trial date will have been published at inception, and since the parties will have had the benefit of a case management schedule, they should not assume that a lack of preparation will support a continuance motion.  **Deadlines shall be set forth in the Case Management Order and Trial Order, and the parties may not alter the pretrial deadlines established for jury instructions, *Daubert* and Dispositive motions, Motions in limine or the trial date by agreement or stipulated continuance.**

cblrulesrevised1219pm.docx