# Exhibit E

### to
### Defendant's Notice of Removal

Eric Lopez Schnabel
Daniel P. Goldberger
Jessica D. Mikhailevich
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, New York 10019
Telephone:  (212) 415-9200
Facsimile:  (212) 953-7201
Email: schnabel.eric@dorsey.com
Email: goldberger.dan@dorsey.com
Email: mikhailevich.jessica@dorsey.com

*Attorneys for Premier Gold Mines
Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| MIAMI METALS I, INC., *et al.*,[1] | Case No.: 18-13359 (SHL) |
| Debtors. | (Jointly Administered) |

## NOTICE OF RULE 30(b)(6) DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, as incorporated by Rules 7030, 9014, and 9016 of the Federal Rules of Bankruptcy

Procedure, and the First Amended Order Approving Uniform procedures for Resolution of

Ownership Disputes [ECF No. 913], parties in interest herein, Premier Gold Mines Limited

("Premier Gold") will take the testimony upon oral examination of Crowe Horwath LLP, through

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378), Miami Metals III LLC (f/k/a Republic Carbon Company, LLC), 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Miami Metals VIII LLC (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102), Miami Metals VI LLC (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507), Miami Metals VII LLC (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (4696), Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000  (2942)..

a person with knowledge of information known or reasonably available to the organization regarding the matters set forth at <u>Exhibit A</u> in the subpoena served upon the organization, before a notary public who is not an attorney, or employee of an attorney, or any party or prospective party herein, and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, on Thursday, June 20, 2019 at 10:00 a.m. at the offices of Dorsey & Whitney LLP, located at 51 W. 52nd Street, New York, New York 10019.  Said examination will continue day-to-day until completion.  The attached subpoena contains requests for production of the documents identified in <u>Exhibit B</u> thereto at such deposition.

Dated: New York, New York
      May 14, 2019

DORSEY & WHITNEY LLP

By:  <u>/s/ *Daniel P. Goldberger*</u>
Eric Lopez Schnabel, Esq.
Daniel P. Goldberger, Esq.
Jessica D. Mikhailevich, Esq.
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, New York 10019
Telephone:  (212) 415-9200
Facsimile:  (212) 953-7201
Email: schnabel.eric@dorsey.com
Email: goldberger.dan@dorsey.com
Email: mikhailevich.jessica@dorsey.com

*Attorneys for Premier Gold Mines Limited*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 14th day of May, 2019, I served the foregoing electronically and via first class United States mail, postage prepaid, to the following:

Akerman LLP
Yelena Archiyan, Esq.
John E. Mitchell, Esq.
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
yelena.archiyan@akerman.com
john.mitchell@akerman.corn

Ackerman LLP
Katherine C. Fackler, Esq.
Joanne Gelfand, Esq.
Andrea Hartley, Esq.
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
katherine.fackler@akerman.corn
joanne.gelfand@akerman.com
andrea.hartley@akerman.com

Luskin Stern & Eisler LLP
Richard Stern
Eleven Times Square
8th Avenue & 41st Street
New York, NY 10036
stern@lsellp.com

Cooley LLP
Seth Van Aalten
Robert Winning
1114 Avenue of the Americas
New York, NY 10036
svanaalten@cooley.com
rwinning@cooley.com

Office of the United States Trustee
Attn:  Shannon Scott, Esq.
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
shannon.scott2@usdoj.gov

_/s/ Daniel P. Goldberger_
Eric Lopez Schnabel, Esq.
Daniel P. Goldberger, Esq.
Jessica D. Mikhailevich, Esq.
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, New York 10019
Telephone:  (212) 415-9200
Facsimile:  (212) 953-7201
_Attorneys for Premier Gold Mines Limited_

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of _____New York_____

In re  Miami Metals I, Inc., et al.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  18-13359

Chapter  11

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No.  _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Crowe Horwath LLP:  Person with knowledge of information, known or reasonably available to the organization regarding the matters set forth on Exhibit A pursuant to
Fed. R. Civ. P. 30(b)(6) made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7030, 9014 and 9016

*(Name of person to whom the subpoena is directed)*

[X]  *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:  See Exhibit A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| The offices of Dorsey & Whitney LLP, 51 W. 52nd Street, New York, NY 10019 | Thursday, June 20, 2019, at 10:00 a.m. |

The deposition will be recorded by this method:  Court Reporter

[X]  *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit B attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  5/14/19

CLERK OF COURT

OR

_____          /s/ Daniel Goldberger
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_Premier Gold Mines Limited_ ,  who issues or requests this subpoena, are:
Daniel Goldberger, Dorsey & Whitney LLP, 51 W. 52nd Street, New York, NY 10019, goldberger.dan@dorsey.com,
(212) 415-9365              **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

You are hereby commanded to appear at the time, date, and place set forth in the Subpoena

to testify at a deposition regarding the following matters:

1.      Any audits, physical inventory counts, or inventory reports, regarding the

Debtors' assets, produced or performed from January 1, 2014 to present.

## <u>EXHIBIT B</u>

## DOCUMENTS REQUESTED

You are hereby commanded to produce all of the following documents, as defined below, which are in your possession or under your control:

1.    Any and all documents and communications with the Debtors and/or Senior Lenders concerning or relating to any physical inventory count of the Debtors' assets that was conducted from January 1, 2014 to present;

2.    Any and all inventory reports You prepared for and produced to the Debtors or Senior Lenders from January 1, 2014 to present;

3.    Any and all documents and communications relating to any audits You performed of the Debtors' assets, including inventory, from January 1, 2014 to present; and

4.    Any and all documents and communications relating to the metals originating from Premier Gold Mines Limited, including, but not limited to, documents and communications concerning or relating to the following customer or pool account number 3544, from January 1, 2014 to present.

## DEFINITIONS

For the purposes of the foregoing, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1.      "Communicate" or "communication" means and is defined to include every manner of disclosure or exchange, and every disclosure or exchange, of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, facsimile, e-mail, voice mail, or otherwise.

2.      "Concerning" shall mean in whole or in part, and directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, embodying and mentioning.

3.      "Debtors" means Miami Metals I, Inc.   (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036; Miami Metals II, Inc.   (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054; Miami Metals III LLC (f/k/a Republic Carbon Company), 5295 Northwest 163rd Street, Miami Gardens, FL 33014; Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054; Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054; Miami Metals VI LLC (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054; Miami Metals VII LLC (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054; Miami Metals VIII LLC (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054; Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China; and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000.

4.      "Document" or "documents" is to be defined and applied in response to these requests in the broadest possible sense and shall have the same scope and meaning as is set forth and applied in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Federal Rules of Evidence.  Without limiting the generality of the foregoing, the terms "document" and "documents" are defined and means the original, drafts, revisions, and non-duplicate copies (including drafts and copies bearing notations or marks not found on the original or other copies) of any written, typed, printed, recorded, magnetic, graphic, electronic, or other form of memorialization or communication, and specifically including without limiting the scope of the definition, all of your internal memoranda, notes, calendars, memos, messages (including notes and memoranda of telephone conversations), photographs, drawings, audiotapes, videotapes, films, minutes, diaries, reports, computer records, tapes, discs, e-mails or other computer files of any kind, correspondence, records, invoices, purchase orders, agreements, checks, and all other writings, recordings, or information sources of whatever description, irrespective of the author or sender of such document and whether or not such documents are claimed to be privileged against discovery on any ground.

5.      "Relating to" or "relates to" means, without limitation, discussing, embodying, mentioning, concerning, pertaining, referring or relating directly or indirectly to the subject matter identified in the interrogatory or request.

6.      "Senior Lenders" means Coöperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co., Bank Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank Plc, Techemet Metal Trading LLC, Woodforest National Bank and Bank Leumi USA.

7.      "<u>You</u>" or "<u>your</u>" means the party to whom this discovery is directed, its agents, officers, directors, employees, representatives, or attorneys acting on behalf of you.

8.      The term "<u>or</u>" includes "<u>and</u>."

9.      The term "<u>any</u>" includes "<u>all</u>.

## INSTRUCTIONS

1.      The documents covered by this request include all documents in your possession, custody or control.

2.      Each request for the production of documents shall be deemed to be continuing in nature.  If at any time additional documents come into your possession, custody or control or are brought to your attention, prompt supplementation of your response to these requests is required.

3.      You shall produce all documents in the manner in which they are maintained in the usual course of your business and/or you shall organize and label the documents to correspond with the categories in this request.

4.      If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

5.      Documents shall be produced in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

6.      Any document withheld from production based on a claim of privilege or any similar claim shall be identified by (a) the type of document, (b) the general subject matter of the document, (c) the date of the document, and (d) such other information as is sufficient to identify the document including the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.  The nature of each claim of privilege shall be set forth.

7.      Documents attached to each other should not be separated.

8.     Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by this discovery request.

9.     The fact that another party produces a document does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

10.     In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants, investigators, or by your attorneys or their agents, employees, representatives or investigators.

11.     If you object to any part of any request, you shall state fully the nature of the objection.  Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request not objected to.

12.     Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIAMI METALS I, INC., *et al.*[1] | ) | Case No. 18-13359 (shl) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## FIRST AMENDED ORDER APPROVING UNIFORM PROCEDURES FOR
## <u>RESOLUTION OF OWNERSHIP DISPUTES</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company), LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

This matter came on to be heard at the hearing held on 19th day of December, 2018, on the Debtors'

Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral,

(II) Granting Adequate Protection to the Secured Parties, (III) Scheduling a Final Hearing and (IV)

Granting Related Relief (the "Motion"); and the Court having conducted interim hearings on the

Motion on November 6 2018, November 29, 2018, and December 19, 2018, and having conducted

status conferences related thereto; and the Court having reviewed the Motion, responses, and the

file, having heard argument of counsel, and having determined that it is in the best interests of the

Debtors' estates, creditors, and interested parties for the Court to approve a uniform procedure to

resolve disputes (the "Ownership Disputes") concerning whether certain materials, products,

goods held in tolling accounts and pool accounts, and the proceeds and profits thereof delivered

to, transferred to, or in the possession or control of the Debtors prior to/on/as of the Petition Date

(the "Assets"), excluding carbon materials ( and the products, proceeds, and profits of carbon

materials), are property of the Debtors' bankruptcy estates or that of the Debtors' customers and/or

suppliers (the "Customers"); and the Court being fully advised in the premises

**ORDERS AND ADJUDGES:**

1.     **Jurisdiction and Power:** The Debtors, Senior Lenders,[2] and Customers who file

a Customer Statement (as defined below) pursuant to this Order agree (a) to the resolution in the

Bankruptcy Court pursuant to the procedures set forth in this Order of the sole issue of the

Ownership Disputes regarding the Assets and (b) that the procedures shall be governed by Federal

Rule of Bankruptcy Procedure 9014, except to the extent modified below.  Nothing contained

---

[2] "Senior Lenders" shall mean Coöperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co.,
Bank Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank Plc, Techemet Metal Trading
LLC, Woodforest National Bank and Bank Leumi USA.

herein shall be construed as a waiver of any party's appellate rights which shall be deemed preserved. In the event that these cases are converted into a Chapter 7 proceeding or a Chapter 11 trustee is appointed, these procedures will continue to govern and shall be binding on any Chapter 7 or Chapter 11 trustee with respect to Ownership Dispute.

2. **Customer Statement of Claimed Ownership Interest And Claims:** (a) On or about November 21, 2018, certain Customers filed objections to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection the Secured Parties, (III) Scheduling a Final Hearing and (IV) Granting Related Relief (the "Cash Collateral Motion") [Docket No. 10] (together with all objections or responses to the Cash Collateral Motion filed by any Customers after November 21, 2018, collectively, the "Objections").

(b) Any Customer asserting an ownership claim over any of the Assets must file a Statement of Claimed Ownership And Claims ("Customer Statement"). Customers that filed Objections may designate their Objections as constituting their Customer Statements. The Customers shall have through and including **January 18, 2019 (**the "Statement Deadline"), in which to file: *i)* a designation of their Objection as their Customer Statement (together with any amendment or supplement thereto), or *ii)* their Customer Statement.

(c) Each Customer Statement shall include the following information:

*i)* The name, address and telephone number of the Customer and counsel for Customer in this matter;

*ii)* A specific description of the Assets in which the Customer claims an ownership interest, including quantity;

48489419;1

*iii)* A description of all claims that the Customer is aware of as of the date of the Customer Statement against the Debtors including claims arising under Sections 503(b)(9) and 502 of the Bankruptcy Code; provided that such description shall be non-binding and subject to modification and may be supplemented in connection with the Customer's filing of a proof of claim or request for payment of administrative expenses.[3]

*iv)* A summary of the legal basis for the Customer's ownership claim;

*v)* The state or other governing law the Customer contends governs the dispute and the basis for same; and

*vi)* Any additional information deemed relevant by such Customer.

(d) The Debtors shall file a response to each Customer Statement on or before **February 18, 2019** (the "Response Deadline"). Each such response (a "Debtors' Response") shall include the following information for each Customer Statement:

*i)* The name of the Customer;

*ii)* A specific description of the Assets addressed by such Debtors' Response, which may be the description set forth in the Customer Statement;

---

[3] The disclosure of claims is not intended to be a final statement of all claims a Customer may assert and will be provided for the purpose of enabling the parties to evaluate settlement options. The Debtors intend to file a motion to set a proof of claim bar date. The filing of the Customer Statement shall be without prejudice and in addition to the requirement to file a proof of claim. The failure to assert any particular claim in the Customer Statement does not preclude a Customer from filing a proof of claim.

*iii)* The location of the Assets as of (A) the Petition Date and (B) the date of the Debtors' Response, and, if the Assets are no longer in the Debtors' possession, all information relating to the Debtors' disposition of the Assets;

*iv)* A summary of the legal basis for the Debtors' ownership claim, including the legal basis for asserting that the Assets are property of the Debtors' estates;

*v)* The state or other governing law the Debtors contends governs the dispute and the basis for same;

*vi)* To the best of the Debtors' ability, a statement including all available information regarding whether the Assets claimed by the Customer (A) were at any time removed or excluded from general inventory and segregated, (B) were commingled with any other Assets, (C) were deposited, held, or accounted for in a pool or tolling account, (D) if either of A, B, or C, the date or dates upon which such removal/exclusion and segregation, commingling, or deposit occurred, and (E) are otherwise identifiable; and,

*vii)* Any additional information deemed relevant by the Debtors.

(e) The Senior Lenders shall file a response to each Customer Statement on or before the Response Deadline. Each such response ("Senior Lenders' Response") shall include the following information for each Customer Statement:

*i)* The name of the Customer;

*ii)* A specific description of the Assets addressed by such Senior Lenders'
Response which may be the description set forth in the Customer Statement;

*iii)* Copies of documents relied upon by the Senior Lenders for any asserted
security interest or lien in the applicable Assets;

*iv)* A summary of the legal basis for the asserted security interest or lien,
including the legal basis for asserting that the Assets are property of the
Debtors' estates;

*v)* The state or other governing law the Senior Lenders contend governs the
dispute and the basis for same; and,

*vi)* Any additional information deemed relevant by the Senior Lenders.

(f)  If a Customer fails to file a Customer Statement by the Statement Deadline, the
Customer's ownership claim in the Assets shall be deemed waived by the Customer and its
claim(s) against the Debtors shall be addressed as part of the proof of claim process only.  If neither
the Debtors nor the Senior Lenders file a Response to the claims asserted by a Customer Statement
by the Response Deadline, then the Customer's ownership claim shall be deemed approved.

(g) The Customers may amend or supplement their Customer Statements in
response to any Debtors' Responses and Senior Lenders' Responses no later than **March 11, 2019.**

3.    **Discovery:**  (a) The Customers, Debtors and Senior Lenders shall produce the
following documents in their possession, custody, or control as soon as possible and no later than
**March 11, 2019.**

**CUSTOMERS:**    Any Customer filing a Customer Statement shall produce all
nonprivileged documents in their possession, custody, or control relating to: the
Customer's contention that such Assets belong to the Customer and not to the Debtors'
bankruptcy estates, including without limitation, all contracts, amendments, standard
terms, and other agreements supporting the Customers' ownership claims; metal delivery

documents for the metal that is the subject of the Customers' ownership claims; bills of lading, lab analyses, melting and lot forms, assays, records of payments, ledger accounts, and other bookkeeping records relating to the Customers' ownership claims; correspondence with the Debtors or Senior Lenders regarding the Customers' ownership claims; all records of tracking information for the unrefined and refined precious metals; the transaction history of pool accounts and tolling accounts and any additional documents relied upon by such Customer for its assertions in its Customer Statement. Any Customer asserting a security interest or lien in any Assets shall produce all nonprivileged documents relating to: such assertion, including without limitation, loan documents, amendments, intercreditor agreements, forbearance agreements, UCC-1 filings and any related lien perfection documents and statements of amounts due.

**DEBTORS:** The Debtors shall produce all nonprivileged documents in their possession, custody, or control relating to: the Debtors' contention that such Assets belong to the Debtors' bankruptcy estates and not to the Customer, including without limitation: all contracts, amendments, standard terms, and other agreements supporting the Customers' ownership claims; metal delivery documents for the metal that is the subject of the Customers' ownership claims; bills of lading, lab analyses, melting and lot forms, assays, records of payments, ledger accounts, and other bookkeeping records relating to the Customers' ownership claims; correspondence with the Customer or Senior Lenders regarding the Customers' ownership claims; all records of tracking information for the unrefined and refined precious metals; the transaction history of pool accounts and tolling accounts; and any additional documents relied upon by Debtors for its assertions in their Responses. If the Debtors assert a security interest or lien in any Assets the Debtors shall produce all nonprivileged documents relating to: such assertion, including without limitation, loan documents, amendments, intercreditor agreements, forbearance agreements, UCC-1 filings and any related lien perfection documents and statements of amounts due.

**SENIOR LENDERS:** The Senior Lenders shall produce all nonprivileged documents received from or sent to the Debtors in their possession, custody, or control relating to: the Debtors' contention that such Assets belong to the Debtors' bankruptcy estates and not to the Customer. Any Senior Lender asserting a security interest or lien in any Assets shall produce all nonprivileged documents relating to: such assertion, including without limitation, loan documents, amendments, intercreditor agreements, forbearance agreements, UCC-1 filings and any related lien perfection documents and statements of amounts due; and any additional documents relied upon by the Senior Lenders for their assertions in their Senior Lenders' Responses.

If any documents are withheld due to privilege, a privilege log must be provided to the other parties. Privilege logs must be produced by **April 30, 2019.** The Parties shall not be required to include privileged communications with their counsel of record in these proceedings in their privilege logs.

48489419;1

(b)   No requests for discovery will be required in connection with the foregoing productions.  Except as otherwise ordered by the Court, nothing in Paragraph 3(a) shall be construed as a limitation on discovery that may be sought by any party, including without limitation any discovery granted under Federal Rule of Bankruptcy Procedure 7026 *et seq*. and third party discovery.  Parties seeking additional discovery shall make a good faith effort to coordinate with other similarly situated parties before serving additional discovery requests in an effort to minimize duplicative requests and maximize the efficiency of the discovery process.  The parties that serve additional discovery requests shall meet and confer in good faith with the recipients of such requests and if they cannot reach agreement as to the extent and scope of the additional discovery, the parties shall request a status conference from the Bankruptcy Court to discuss the requested additional discovery (the "Additional Discovery").   Any Additional Discovery shall be propounded as set forth below.  Additional Discovery *may* be served via email upon (but *must* include each of the foregoing to ensure receipt of) the attorneys identified in the applicable Customer Statement, Debtors' Response, or Senior Lenders' Response, and c/o each email associated therewith .

(c)  **INITIAL DISCLOSURES:**  Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 9014, each of the parties shall provide and file on the record their initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) no later than **March 11, 2019**.

(d)  **REQUESTS FOR DOCUMENTS:**  Requests for the production and/or inspection of documents, premises, or things by any party other than the documents specified in Paragraph 3(a) shall be served by **April 12, 2019**.[4]  Production of documents requested pursuant to this Paragraph 3(d) by any party shall be completed no later than **April 30, 2019**.  Inspection of documents, premises, or things requested pursuant to this Paragraph 3(d) by any party shall be in accordance with Federal Rule of Civil Procedure 34(a)(2) and completed no later than **April 30, 2019**, unless otherwise agreed by the Debtors and the relevant Customer.

(e)  **DEPOSITIONS:**  Deposition notices shall be served so as to be received **by no later than May 7, 2019**.

(f)  **INTERROGATORIES:**  Interrogatories shall be served so as to be received by **April 12, 2019**.  Answers or any objections to interrogatories shall be served by **April 30, 2019**.

(g) **REQUEST FOR ADMISSION:**  Requests for Admission shall be served so as to be received by **April 12, 2019**.  Responses and objections to Requests for Admission shall be served by **April 30, 2019**.

(h) **THIRD PARTY DISCOVERY:**  Subpoenas seeking discovery from third parties shall be served by no later than **April 30, 2019**.

(h) **CLOSE OF FACT DISCOVERY:**  All fact discovery shall be closed by **June 14, 2019**.

---

[4]  This deadline shall not apply to any requests for documents referenced on the record during a deposition.

(i) **EXPERT DISCLOSURE:** The parties shall disclose the identity(ies) of their experts, if any, and exchange expert reports no later than **June 28, 2019**. Parties shall designate rebuttal experts by **July 15, 2019**.

(j) **EXPERT WITNESS DEPOSITIONS:** Any expert depositions will be held on or before **August 2, 2019**. However, before any expert depositions are scheduled, the parties shall meet and confer to discuss the need for expert testimony.

(k) **CLOSE OF EXPERT DISCOVERY:** All expert discovery shall be closed by **August 2, 2019**.

(l) **CLOSE OF DISCOVERY:** All discovery shall be closed by **August 2, 2019**.

4.    **Status Conference:** The parties shall appear in person or telephonically for an **initial status conference on January 23, 2019,** to report on the status of document production, hold a discovery conference concerning any discovery disputes, any additional discovery that may be required, and the scheduling of further proceedings. At the status conference, the Debtors shall summarize for the Court their view of the categories or "buckets" of legal issues asserted in the Customer Statements. Each party's rights to summarize its own position at the status conference is preserved. The parties shall submit a joint status conference agenda one day before the conference.

The parties shall appear in person or telephonically in Bankruptcy Court for a **second status conference on March 7, 2019,** to report on the status of document production, hold a discovery conference concerning discovery disputes, additional discovery that may be required, and the scheduling of further proceedings.

At the second status conference, the Court will consider whether to conduct its pre-motion summary judgment status conference and consider entry of a summary judgment scheduling order.

5.    **Adversary Proceedings:** The parties agree that any pending adversary proceedings relating to ownership of Assets identified in a Customer Statement will be held in

abeyance pending the resolution of the Ownership Disputes pursuant to the procedures set forth in this Order. All discovery taken in connection with these procedures shall be deemed to have been taken in an adversary proceeding, without prejudice to the parties to serve formal discovery notices and to request additional discovery as may be appropriate, or to object to the same.

6. **Reclamation Claims:** Reclamation claims should be included in the description of claims set forth in Customer Statements; provided, however, nothing in this Order shall be construed to determine the procedure by which reclamation claims shall be resolved. Rather, procedures for resolution of any reclamation claims with respect to the Assets identified in a Customer Statement shall be subject to subsequent Court Order.

7. **Other Claims:** Nothing set forth in this Order shall prejudice, waive, or affect any Customer's right to assert a claim pursuant to sections 501, 502, 503 or 506 of the Bankruptcy Code arising from the delivery of goods or materials to the Debtors.

8. **Motions:** Dispositive motions on the issues identified and addressed at the March 21, 2019 status conference shall be briefed and filed by the Debtors and Senior Lenders no later than **April 19, 2019**. A status conference on the briefed issues shall be heard on **April 25, 2019, at 10:30 a.m. ET**, at which time additional briefing and hearing schedules will be considered.

9. **Summary Judgment Motions:** Unless otherwise ordered by the Bankruptcy Court, a party seeking to move for summary judgment must first request a pre-motion conference. The date and time of the pre-motion conference must be obtained from Chambers. Notice of the date and time of the pre-motion conference may take the form of a letter setting forth the issues in general terms and must be served upon all parties bound by this Order or as otherwise required in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. A briefing and hearing schedule for summary judgment motions or other dispositive motions will be set by the Court at a pre-

48489419;1

motion conference. Compliance with Local Rule of Bankruptcy Procedure 7056-1 is mandatory and the parties to the applicable summary judgment motions shall file a joint statement of undisputed facts as provided in such a rule.

10. **Evidentiary Hearing: Evidentiary hearings on the merits, as needed, will be set by further order of the Court**. For avoidance of doubt, no party has agreed to waive its rights to seek a separate evidentiary hearing on its claims, and nothing herein shall be construed to impair such rights. However, the Debtors intend to seek consolidation for hearing and/or trial where common issues of law or fact are presented. The parties to each evidentiary hearing, if any, shall exchange witness and exhibit lists at least fourteen calendar days prior to each evidentiary hearing and shall meet and confer at least ten days prior to each evidentiary hearing for the purpose of preparing a stipulation setting forth undisputed facts, disputed material facts, and disputed issues of law. The stipulation and witness and exhibit lists shall be served and filed no later than five days prior to an evidentiary hearing.

11. **Settlement Procedure**: Any settlement shall require Court approval pursuant to Federal Rule of Bankruptcy Procedure 9019 and the Debtors may file an omnibus motion for settlement on negative notice.

12. **Modifications of this Order**: The deadlines set forth herein cannot be changed unless so directed by the Court or by mutual consent in writing (including by e-mail) of the Debtors, the Senior Lenders, *and* each affected Customer. Parties should not wait for deadlines to expire before seeking an amended Order. If any questions should arise or another status conference is necessary, notify Chambers at once. Absent the applicable parties' agreement, modifications to this Order may be made only upon application to the Court showing of good cause, or upon request for a status conference.

13.     **Confidentiality:**  Documents filed pursuant to this Order need not be filed under seal, but a filing party may request authorization from the Court to file documents under seal in accordance with the applicable requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.  Parties are authorized (without the requirement of a further Court order) to redact confidential commercial information from any filed document.  The Debtors shall set up a confidential document room for all discovery with private and confidential folders for each Customer, the Debtors and the Senior Lenders.  Each Customer shall have access to the Debtors' production regarding such Customer and the Senior Lenders' documents.  The Debtors shall have access to all documents.  The Senior Lenders shall have access to all Customer documents.  The Official Committee of Unsecured Creditors shall have access to all documents on a professional eyes only basis (provided that the Committee may challenge that designation).

14.     **Reservation of Rights:** The implementation of the foregoing uniform procedures shall not in any way negatively affect the rights, claims or defenses of any parties.  For the avoidance of doubt, the Customers' rights with respect to the Assets shall be determined as of the Petition Date, and no act or omission of the Debtors after the Petition Date with respect to the Assets shall affect the rights of the Customers with respect thereto.

14.     **Jurisdiction:**  This Court shall retain jurisdiction over any application to enforce or interpret the provisions of this Order.

Dated: New York, New York
        April 15, 2019

                          _/s/ Sean H. Lane_
                          HONORABLE SEAN H. LANE
                          UNITED STATES BANKRUPTCY JUDGE

48489419;1