UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-23100-GAYLES/OTAZO-REYES

COÖPERATIEVE RABOBANK U.A., New York
Branch, BROWN BROTHERS HARRIMAN &
CO., BANK HAPOALIM B.M., MITSUBISHI
INTERNATIONAL CORPORATION, ICBC
STANDARD BANK PLC, TECHEMET METAL
TRADING, LLC, WOODFOREST NATIONAL
BANK, and HAIN INVESTORS MASTER FUND,
LTD.,

          PLAINTIFFS,

vs.

CROWE LLP,

          DEFENDANT.

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER VENUE**

SCOTT JAY FEDER, PA
*Attorney for Plaintiffs*
Scott Jay Feder
4649 Ponce de Leon Blvd, Ste. 402
Coral Gables, FL 33146
Scottj8@aol.com

## TABLE OF CONTENTS

Page

STATEMENT OF THE CASE ................................................................................................ 1

ARGUMENT ............................................................................................................................ 4

I.     Crowe Has Failed to Show That the S.D.N.Y., Rather Than This Court, Should Resolve Lenders' Motion for Abstention and Remand ................................................................... 4

II.    Crowe Has Failed to Carry Its Burden to Show that Transfer is Appropriate ................... 7

       A.     Crowe Has the Burden of Proof. ............................................................................. 8

       B.     The Lender's Choice of Forum Favors This Court. ................................................. 8

       C.     The Operative Events Occurred in the Southern District of Florida ...................... 9

       D.     Florida Is the Most Convenient Forum for Witnesses ......................................... 11

       E.     Florida Law Governs ............................................................................................. 12

       F.     Trial Efficiency and Interests of Justice. .............................................................. 13

       G.     The Neutral Factors ............................................................................................... 16

III.   28 U.S.C. § 1412 Is Not Available And, In Any Event, Does Not Change the Analysis ............................................................................................................................ 16

VI.    CONCLUSION ..................................................................................................................... 17

i

## TABLE OF AUTHORITIES

**CASES**                                                                                         **Page**

*Andersons, Inc. v. Enviro Granulation, LLC*,
   No. 8:13-cv-3004-T-33MAP, 2015 U.S. Dist. LEXIS 56883 (M.D. Fla. Apr. 30, 2015).......... 7

*Baena v. KPMG LLP*,
   389 F. Supp. 2d 112 (D. Mass. 2005) ................................................................................... 11

*Bankers' Bank Ne. v. Ayer*,
   No. 3:11cv262 (JBA), 2012 U.S. Dist. LEXIS 47014 (D. Conn. Mar. 30, 2012) ..................... 8

*Bender v. Lancer Mgmt. Grp., LLC*,
   523 Fed. Appx. 554 (11th Cir. 2013) ..................................................................................... 13

*Birch v. Johnson & Johnson*,
   No. 19-01102-JKO, 2019 Bankr. LEXIS 2090 (Bankr. S.D. Fla. July 9, 2019) ....................... 3

*Bishop v. Fla. Specialty Paint Co.*,
   389 So. 2d 999 (Fla. 1980) ..................................................................................................... 10

*Cellularvision v. Alltell Corp.,* 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) ............................... 7

*Chex Sys., Inc. v. DP Bureau, Ltd. Liab. Co.*,
   No. 8:10-cv-2465-T-33MAP, 2011 U.S. Dist. LEXIS 130392 (M.D. Fla. Nov. 10, 2011) ..... 14

*Clark v. Frontier Airlines, Inc.,*
   No. 4:17-cv-452-JEG-RAW, 2018 U.S. Dist. LEXIS 141133 (S.D. Iowa Aug. 1, 2018) ......... 3

*Conn. Indem. Co. v. Palivoda*,
   No. 8:04-cv-1044-T-24MSS, 2004 U.S. Dist. LEXIS 28709 (M.D. Fla. Aug. 23, 2004).......... 9

*Cont'l Motors, Inc. v. Jewell Aircraft, Inc.*,
   882 F. Supp. 2d 1296 (S.D. Ala. 2012) ..................................................................................... 6

*Curry v. HSBC Holdings*,
   No. 6:14-cv-1099-Orl-37GJK, 2014 U.S. Dist. LEXIS 134650 (M.D. Fla. Sep. 23, 2014) ...... 6

*Elite Flower Servs. v. Elite Floral & Produce, LLC*,
   No. 13-cv-21212-UU, 2013 U.S. Dist. LEXIS 197267 (S.D. Fla. June 17, 2013).................... 9

*El Paso E&P Co., L.P. v. CMV Joint Venture*,
   No. 7:09-cv-01621, 2010 WL 11579728 (N.D. Ala. July 12, 2010) ......................................... 4

*FDIC v. Crowe Horwath LLP*,
   No. 17 CV 04384, 2018 U.S. Dist. LEXIS 105880 (N.D. Ill. June 25, 2018)......................... 11

*FDIC v. Deloitte & Touche*,
    834 F. Supp. 1129 (E.D. Ark. 1992) ............................................................... 11

*Forty-Eight Insulations, Inc. v. Johns-Manville Prods. Corp.*,
    472 F. Supp. 385 (N.D. Ill. 1979) .................................................................. 13

*GeoSonics, Inc. v. Aegean Assocs.*,
    Civil Action No. 2:14-cv-908, 2014 U.S. Dist. LEXIS 179019 (W.D. Pa. Dec. 31, 2014) .... 3-4

*George Junior Repub. in Pa. v. Williams*,
    No. 2:07-cv-04537, 2008 WL 763304 (E.D. Pa. Mar. 19. 2008) ............................. 4

*Gib. Trading Corp. v. PMC Specialties Grp., Inc.*,
    851 F. Supp. 2d 437 (E.D.N.Y. 2011) ............................................................ 4

*Hampton-Stein v. Erwin I. Katz, Ltd.*,
    No. 09-80798-CIV-COHN/SELTZER,
    2009 U.S. Dist. LEXIS 130425 (S.D. Fla. July 5, 2009) ...................................... 14

*Holmes v. Grubman (In re Holmes)*,
    306 B.R. 11 (Bankr. M.D. Ga. 2004) .............................................................. 9

*ICICI Bank, Ltd. v. Essar Glob. Fund Ltd.*,
    565 B.R. 241 (S.D.N.Y. 2017) ................................................................... 14

*In re LimitNone, LLC*,
    551 F.3d 572 (7th Cir. 2008) ...................................................................... 3

*In re Nematron Corp. Sec. Litig.*,
    30 F. Supp. 2d 397 (S.D.N.Y. 1998) .............................................................. 8

*In re Ricoh Corp.*,
    870 F.2d 570 (11th Cir. 1989) .................................................................... 6

*In re Thomson McKinnon Secur., Inc.*,
    126 B.R. 833 (Bankr. S.D.N.Y. 1991) ........................................................... 14

*In re Wedlo*, 212 B.R. 678 (Bankr. M.D. Ala. 1996) .................................................. 4-5

*J.I. Kislak Mortg. Corp. v. Conn. Bank & Tr. Co., N.A.*,
    604 F. Supp. 346, 348 (S.D. Fla. 1985) ........................................................... 9

*Jian Guo v. ZTO Express (Cayman) Inc.*,
    No. 17-cv-05357-JST, 2017 U.S. Dist. LEXIS 211181 (N.D. Cal. Dec. 22, 2017) .................. 3

*Jones Searcy v. Knostman*,
    155 B.R. 699 (S.D. Miss. 1993) ................................................................. 14

iii

*LaPenna v. Cooper Tire & Rubber Co.*,
    No. 2:10-cv-1018-MEF, 2011 U.S. Dist. LEXIS 73447 (M.D. Ala. July 7, 2011) .................. 9

*Manuel v. Convergys Corp.*,
    430 F.3d 1132 (11th Cir. 2005) ....................................................................................... 7

*McDermott v. New York*,
    50 N.Y.2d 211, 428 N.Y.S.2d 643 (1980) ........................................................................ 13

*Nat'l Tr. Ins. Co. v. Pa. Nat'l Mut. Cas. Ins. Co.*,
    223 F. Supp. 3d 1236 (M.D. Fla. 2016) ........................................................................... 9

*Ni Fuel Co. v. Jackson*,
    257 B.R. 600 (N.D. Okla. 2000) ...................................................................................... 4

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014) ....................................................................................................... 3

*P.E.A. Films, Inc. v. MGM*,
    No. 14-cv-7263 (JSR), 2014 U.S. Dist. LEXIS 169161 (S.D.N.Y. Nov. 11, 2014) .................. 8

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999) ....................................................................................................... 3

*Seagoing Unif. Corp. v. Texaco, Inc.*,
    705 F. Supp. 918, 936 (S.D.N.Y. 1989)........................................................................... 8

*Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*,
    549 U.S. 422 (2007) ....................................................................................................... 3

*Sommer v. Fed. Signal Corp.*,
    79 N.Y.2d 540, 583 N.Y.S.2d 957 (1992) ........................................................................ 13

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ......................................................................................................... 6

*Robinson v. Giarmarco & Bill, P.C.*,
    74 F.3d 253 (11th Cir. 1996) .......................................................................................... 6

*Tidewater Lodging Grp., Inc. v. Kolter Cmtys, Mgmt., LLC*,
    No.08-25694-BKC-RBR, 2009 Bankr. LEXIS 926 (Bankr. S.D. Fla. Apr. 3, 2009) ............... 4

*United States v. Saint Louis Univ.*,
    No. 07-CV-0156-DRH, 2007 U.S. Dist. LEXIS 84915 (S.D. Ill. Nov. 16, 2007) ................. 13

*Waleski v. Montgomery*,
    No. 3:18-cv-01144, 2018 U.S. Dist. LEXIS 208727 (M.D. Pa. Dec. 10, 2018) ....................... 5

*Watson v. Cmty. Educ. Ctrs., Inc.*,
   No. 2:10-cv-00778-36SPC, 2011 U.S. Dist. LEXIS 89520 (M.D. Fla. Aug. 11, 2011) ........... 6

*Weintraub v. Advanced Corr. Healthcare, Inc.*,
   161 F. Supp. 3d 1272 (N.D. Ga. 2015) ..................................................................... 7

*Wyandot Nation of Kan. v. United States*,
   115 Fed. Cl. 595 (2014) ........................................................................................ 8

*Zavanna, LLC v. RoDa Drilling Co.*,
   No. 4:09-cv-022, 2009 U.S. Dist. LEXIS 102726 (D.N.D. Sep. 14, 2009) ............................... 4

## STATUTES

28 U.S.C. § 1334(b) ................................................................................................ 2

28 U.S.C. § 1334(c)(1) ............................................................................................ 2

28 U.S.C. § 1334(c)(2) ............................................................................................ 2

28 U.S.C. § 1367 .................................................................................................... 2

28 U.S.C. § 1404(a) ............................................................................................ 5, 10

28 U.S.C. § 1412 ............................................................................................... 5, 14

28 U.S.C. § 1441 .................................................................................................... 2

28 U.S.C. § 1446 .................................................................................................... 2

28 U.S.C. § 1452 .................................................................................................... 2

## OTHER AUTHORITIES

Wright & Miller, 15 Fed. Prac. & Proc. Juris. (4th ed.) ........................................................ 7, 9

Plaintiffs Coöperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co., Bank Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank Plc, Techemet Metal Trading, LLC, Woodforest National Bank, and Hain Investors Master Fund, Ltd. (collectively, "Plaintiffs" or "Lenders"), submit this Memorandum of Law in Opposition to Defendant Crowe LLP's ("Crowe") Motion to Transfer venue of this action to the United States District Court for the Southern District of New York.

## STATEMENT OF THE CASE

This case arises out of faulty and misleading opinions issued by Crowe's Florida-based auditors in connection with their audit of the 2014 and 2015 financial statements of Florida-based Republic Metals Corporation ("Republic"). In reliance on those audit opinions, Lenders extended more than $200 million in credit to Republic under various loans and metals leases[1], which are now in default due to Republic's massive overstatement of its precious metals inventory valuations.[2] Had Crowe followed Generally Accepted Audit Standards, it would have readily detected the misstatements during its audit and Lenders' losses would have been avoided. But Crowe did not and, as a direct result, Lenders have suffered damages in excess of $57 million.

Based on Florida's extensive connections to the case and its jurisdiction over the parties and key witnesses, Lenders sued Crowe—under Florida law—on June 24, 2019 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida by filing a complaint (the "Complaint"). ECF No. 1-2. Plaintiffs selected Florida precisely because of those

---

[1] Complaint ¶ 6.
[2] Complaint ¶¶ 26, 39.

connections to the State and, ironically, for the convenience of the principal witnesses, including Crowe's auditors and Republic's former management and finance personnel.

In response, Crowe removed pursuant to 28 U.S.C. §§ 1334(b), 1367, 1441, 1446, and 1452, which authorize removal of claims "related to" a pending bankruptcy and provide a statutory basis for subject matter jurisdiction.[3] But the Court's jurisdiction under these provisions is non-exclusive and subject to statutory mandatory and permissive abstention provisions.

On August 7, 2019, Lenders moved to remand the case to the Florida state court based on the application of mandatory abstention under 28 U.S.C. § 1334(c)(2) or, in the alternative, permissive or equitable abstention under 28 U.S.C. §§ 1334(c)(1) and 1452(b). ECF No. 7. The same day, Crowe cross-moved to transfer the case to the United States District Court for the Southern District of New York ("S.D.N.Y."). ECF No. 8.

Two issues are presented by Crowe's motion:

1. Whether the Court should transfer the case before deciding Lenders' abstention and remand motion (leaving the issue to be decided by the transferee court, the S.D.N.Y.); and

2. Whether Crowe has shown that the balance of convenience factors justifies overriding Lenders' choice of Florida and transferring the case to the S.D.N.Y.

As shown below, both questions must be answered in the negative.

---

[3] Republic and its affiliates filed for bankruptcy under Chapter 11 of the Bankruptcy Code and those proceedings have been pending in the United States Bankruptcy Court for the Southern District of New York since November 2, 2018. *See In re Republic Metals Refining Corp.*, No. 18-13359 (SHL) (Bankr. S.D.N.Y. filed Nov. 2, 2018), now captioned as *In re Miami Metals I, Inc.*

**ARGUMENT**

I.     **Crowe Has Failed to Show That the S.D.N.Y., Rather Than This Court, Should Resolve Lenders' Motion for Abstention and Remand**

Crowe urges the Court to skip over the Lenders' Motion for Abstention and Remand, transfer the case to the S.D.N.Y., and have that court decide whether it must be returned to the Florida state court. Not only does this cumbersome procedure make no sense—as it will result in needless delay—but it is inconsistent with the principle that a district court should accord priority to jurisdictional issues.

In the standard order of operations, a district court determines its own jurisdiction over the controversy and the parties first. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577-578 (1999). Abstention, though not technically a jurisdictional issue (it is the decision not to exercise jurisdiction), is "treated as jurisdictional" in this context. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998). A district court should not dismiss on other non-merits grounds, such as venue, unless resolving the jurisdictional issue would entail an "arduous inquiry." *See Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007).[4]

In the "mine run of cases,"[5] no "arduous inquiry" is implicated, *id.*, and jurisdiction is typically decided first, *see, e.g., Birch v. Johnson & Johnson*, No. 19-01102-JKO, 2019 Bankr. LEXIS 2090, at *6 (Bankr. S.D. Fla. July 9, 2019) (resolving jurisdictional issues "before considering motions to transfer venue to … where the underlying bankruptcy case is pending"); *Clark v. Frontier Airlines, Inc.,* No. 4:17-cv-452-JEG-RAW, 2018 U.S. Dist. LEXIS 141133, at

---

[4] In *Sinochem* the Court sanctioned dismissal on *forum non conveniens* grounds when complicated jurisdictional challenges were also presented. The Supreme Court has never held that a Court may transfer a case under 28 U.S.C. §§ 1404 or 1412 before deciding its own jurisdiction. But lower courts have found this to be permissible by extension of the logic of *Sinochem*. *See, e.g., In re LimitNone, LLC,* 551 F.3d 572, 577 (7th Cir. 2008).

[5] "Mine run" is the expression used by Justice Ginsburg, similar to "run of the mill," meaning a "typical" or "unexceptional" case. Both expressions are used in this context by Justice Sotomayor in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014).

*11-12 (S.D. Iowa Aug. 1, 2018) (considering jurisdiction before transfer where the issues did not present the kind of "exceptional case" that might justify a departure from the general rule, citing *Sinochem*); *Jian Guo v. ZTO Express (Cayman) Inc.*, No. 17-cv-05357-JST, 2017 U.S. Dist. LEXIS 211181, at *10-13 (N.D. Cal. Dec. 22, 2017) (granting motion to remand and denying motion to transfer as moot); *GeoSonics, Inc. v. Aegean Assocs.*, Civil Action No. 2: 14-cv-908, 2014 U.S. Dist. LEXIS 179019, at *3-4 (W.D. Pa. Dec. 31, 2014) (addressing jurisdictional issue before transfer of venue); *Gib. Trading Corp. v. PMC Specialties Grp., Inc.*, 851 F. Supp. 2d 437, 440-41 (E.D.N.Y. 2011) (deciding remand before transfer); *Tidewater Lodging Grp., Inc. v. Kolter Cmtys, Mgmt., LLC*, No.08-25694-BKC-RBR, 2009 Bankr. LEXIS 926, at *4 (Bankr. S.D. Fla. Apr. 3, 2009) (considering question of abstention and remand before transfer); *Zavanna, LLC v. RoDa Drilling Co.*, No. 4:09-cv-022, 2009 U.S. Dist. LEXIS 102726, at *46-50 (D.N.D. Sep. 14, 2009) (considering remand before transfer); *Ni Fuel Co. v. Jackson*, 257 B.R. 600, 611-12 (N.D. Okla. 2000) (same).

This case is in the "mine run." The abstention question is simple and straightforward, with the test for mandatory abstention presenting five factors, which the Lenders have shown to be either undisputed or readily resolvable in their favor. *See* ECF No. 7 at 3-4.

Without even mentioning *Sinochem*'s "arduous inquiry" standard, much less applying it, Crowe string-cites four cases that supposedly support its position that this Court should transfer the action *before* deciding the Lender's abstention and remand motion. *See* ECF No. 8 at 3-4. In fact, none of these exceptional cases is on point.

In three of the four cases cited by Crowe, the defendant in the state court action was also the debtor in bankruptcy, and the resulting entanglement of legal and factual issues made the determination of abstention and remand difficult, if not impossible, to resolve by any court other

than the one administering the bankruptcy. *See El Paso E&P Co., L.P. v. CMV Joint Venture*, No. 7:09-cv-01621, 2010 WL 11579728 (N.D. Ala. July 12, 2010) (abstention question impossible to resolve because of mandatory stay on state court action against debtor imposed by bankruptcy court); *George Junior Repub. in Pa. v. Williams*, No. 2:07-cv-04537, 2008 WL 763304, *6 (E.D. Pa. Mar. 19. 2008) (bankruptcy court had "overwhelming interest" in state court action against debtor when adversary proceeding in bankruptcy between state court codefendants involved same factual and legal issues); *In re Wedlo*, 212 B.R. 678 (Bankr. M.D. Ala. 1996) (first state court defendant brought crossclaim against second state court defendant, who then filed for bankruptcy). Here, there is no entanglement as the debtor is not the defendant in this case.

The fourth case cited by Crowe, *Waleski v. Montgomery*, No. 3:18-cv-01144, 2018 U.S. Dist. LEXIS 208727 (M.D. Pa. Dec. 10, 2018)**,** did not entail a question of mandatory abstention under 28 U.S.C. § 1334(c)(2) at all; the state court action was a suit for professional malpractice brought by a bankruptcy creditor against the law firm that had represented him in a bankruptcy proceeding that had concluded some years before. *Id.* at *13. Pointing out that "the bankruptcy court expressly retained jurisdiction over the very claims that Waleski seeks to bring here," the court logically concluded that transfer to that court was appropriate. *Id.*

Crowe's failure to show that resolving the Lenders' abstention and remand motion would require an "arduous inquiry" is fatal to its request that the Court transfer before resolving the straightforward jurisdictional issues. Accordingly, Crowe's request that the Court transfer the case before deciding the Lenders' motion must be denied. Furthermore, as shown in the Lenders' motion, abstention and remand is justified and mandated. ECF No. 7.

5

## II.   Crowe Has Failed to Carry Its Burden to Show that Transfer is Appropriate

Because the Court should abstain and remand this action back to state court, the Court need not even consider Crowe's Motion to Transfer under 28 U.S.C. §§ 1404(a) or 1412. If it does, however, the motion must be denied because nearly all the "convenience" factors favor keeping the case in Florida. Most significantly, the Lenders chose this forum; the key witnesses (both at Crowe and Republic) are located here; the key operative events (*i.e.,* the audits that form the basis of the claims) occurred here; and Florida's law applies. Those factors dramatically outweigh the mere fact that *some* Lenders have offices in New York[6] and that the bankruptcy of Crowe's audit client, nonparty Republic, is pending in New York.

### A.   Crowe Has the Burden of Proof

The burden of establishing that transfer of the case is appropriate rests with the movant, Crowe. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *Watson v. Cmty. Educ. Ctrs., Inc.*, No. 2:10-cv-00778-36SPC, 2011 U.S. Dist. LEXIS 89520, at *6 (M.D. Fla. Aug. 11, 2011). In its section describing the "Legal Standards," Crowe emphasizes the Court's discretion, but never once acknowledges that it has the burden of proof. *See* ECF No. 8 at 7-8.

### B.   The Lenders' Choice of Forum Favors This Court

It is no surprise that a case of this magnitude allows for multiple potential choices under the federal venue rules. Thus, assuming jurisdiction, Crowe may be correct in saying that the Lenders *could* have brought the case in S.D.N.Y. *See* ECF No. 8 at 9. But that is neither the exclusive venue option, nor is it the one selected by the Lenders.

Under 11th Circuit precedent, a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74

---

[6] Among the Lenders, several are foreign banks with principal offices in New York; two are located in Texas; one is located in the United Kingdom.

F.3d 253, 260 (11th Cir. 1996); *Cont'l Motors, Inc. v. Jewell Aircraft, Inc.*, 882 F. Supp. 2d 1296, 1313 (S.D. Ala. 2012). This factor carries additional weight, in that Florida is not only the Lenders' chosen forum, but also is the location where the key operative events took place. *Curry v. HSBC Holdings*, No. 6:14-cv-1099-Orl-37GJK, 2014 U.S. Dist. LEXIS 134650, at *4 (M.D. Fla. Sep. 23, 2014) (plaintiff's choice given "great weight" where selected forum is place where events occurred).

Citing *Cellularvision v. Alltell Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007), Crowe claims that the Lenders' choice is entitled to "minimal deference" because Florida is not their home forum. *See* ECF. No. 8 at 14. Not so. Deference is, of course, at its maximum when a plaintiff chooses its home forum. But even when a plaintiff chooses a forum away from home, its choice is still entitled to "some weight" when the action is brought in a forum that has a "meaningful and legitimate connection to the parties and operative facts." *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-3004-T-33MAP, 2015 U.S. Dist. LEXIS 56883, at *17 (M.D. Fla. Apr. 30, 2015); *cf. Weintraub v. Advanced Corr. Healthcare, Inc.*, 161 F. Supp. 3d 1272, 1284 (N.D. Ga. 2015) ("[P]laintiff's choice of forum is given great deference when considering a motion to transfer, and this is especially true where the operative facts giving rise to the action occurred in the chosen forum."). A fair reading of the case law shows that "minimal deference" applies when a plaintiff files suit in a venue that has no meaningful connection to the dispute, which is not the case here. Moreover, "[w]hatever judicial formulation is invoked in a particular case [concerning the weight to be accorded plaintiff's choice], a motion to transfer under Section 1404(a) should not be granted lightly." Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3848 (4th ed.).

The upshot of this factor is twofold: first, to transfer, Crowe must establish that the other factors "clearly outweigh" the Lenders' choice of venue; and, second, that the Lenders' choice, while not entitled to the utmost weight, remains a substantial factor on the scale.

### C.   The Operative Events Occurred in the Southern District of Florida

Another important factor in considering transfer to another venue is the locus of operative facts. *Manuel v. Convergys Corp*., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). This factor strongly favors retaining the case in Florida. The Lenders' claims arise out of the grossly negligent audits performed by Florida-based auditors of a Florida-based company. *See generally Seagoing Unif. Corp. v. Texaco, Inc.*, 705 F. Supp. 918, 936 (S.D.N.Y. 1989). In cases against auditors or arising out of audited financials, courts have routinely held that the locus of operative facts occurred where the audits were performed. *See, e.g.*, *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998) (operative facts for securities fraud case against KPMG were where audits were performed); *Bankers' Bank Ne. v. Ayer*, No. 3:11cv262(JBA), 2012 U.S. Dist. LEXIS 47014, at *27 (D. Conn. Mar. 30, 2012) (operative facts where audits were performed); *P.E.A. Films, Inc. v. MGM*, No. 14-cv-7263 (JSR), 2014 U.S. Dist. LEXIS 169161, at *5-6 (S.D.N.Y. Nov. 11, 2014) (same).

To justify transfer, Crowe tries to list every New York nexus that it can muster—whether or not they embody "operative facts." But it is a futile exercise, as the factual connection to New York pales by comparison to Florida, where the auditors and the audit client resided and where the audit work was performed. Crowe notes that some Lenders have main offices in New York, but this connection is equivocal in that other Lenders are located elsewhere, such as England and Texas. Crowe also emphasizes that Republic is in bankruptcy in New York, but the bankruptcy was filed years after the misconduct, in November 2018, *see* ECF 8-1, so its pendency is not an

operative fact. *See Wyandot Nation of Kan. v. United States*, 115 Fed. Cl. 595, 598 (2014) (citing Black's Law Dictionary 1201 (9th ed. 2009)) ("[F]acts are operative if they are relevant to establishing a claim.").  Finally, Crowe claims that some of the audit work was conducted in New York, but it provides no evidence to support this assertion, nor any details as to the nature of the supposed work performed from its New York office as compared to its Florida offices.[7]

It would be unusual if a case involving auditor misconduct on the scale that occurred here could ever be confined to a single venue. But if the venue options were to be ranked by their connection to the underlying facts, Florida is unrivaled in the top spot.

### D.    Florida Is the Most Convenient Forum for Witnesses

Witness convenience is of primary importance to a transfer analysis. *Nat'l Tr. Ins. Co. v. Pa. Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1242 (M.D. Fla. 2016); *Elite Flower Servs. v. Elite Floral & Produce, LLC*, No. 13-cv-21212-UU, 2013 U.S. Dist. LEXIS 197267, at *13 (S.D. Fla. June 17, 2013); *Holmes v. Grubman (In re Holmes)*, 306 B.R. 11, 15 (Bankr. M.D. Ga. 2004). Crowe's argument on witness convenience focuses on the location of *the Lenders* (only some of whose witnesses are in New York and who, in any event, voluntarily chose to file in Florida), rather than the nonparty witnesses, whose convenience is the correct focal point for this element. *LaPenna v. Cooper Tire & Rubber Co.*, No. 2:10-cv-1018-MEF, 2011 U.S. Dist. LEXIS 73447, at *13 (M.D. Ala. July 7, 2011).

A movant requesting a transfer of venue must submit a list of witnesses, together with a description of what their testimony might be. *J.I. Kislak Mortg. Corp. v. Conn. Bank & Tr. Co., N.A.*, 604 F. Supp. 346, 348 (S.D. Fla. 1985). Crowe does not even try to make this showing,

---

[7] Crowe also tries to diminish its own connection to Florida by mentioning its own headquarters in Illinois. But Crowe's headquarters has no factual significance to audits performed by its Florida offices; nor does it justify a transfer to New York. *See* ECF No. 1-2 ¶ 21.

which is fatal to its convenience-of-witness position. *Conn. Indem. Co. v. Palivoda*, No. 8:04-cv-1044-T-24MSS, 2004 U.S. Dist. LEXIS 28709, at *15-16 (M.D. Fla. Aug. 23, 2004) (denying transfer motion for failure to list witnesses); Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3851 (4th ed.) ("If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, without identifying them and providing sufficient information to permit the district court to determine what and how important their testimony will be, the motion to transfer should be denied."). Indeed, Crowe does not identify a single nonparty witness who would be inconvenienced by Florida as compared to New York.

Crowe tries to make much of the fact that certain Crowe witnesses "have already been subpoenaed in the bankruptcy proceeding in the Southern District of New York." ECF. No. 8 at 12. But Crowe never connects the dots to show how this favors venue in New York. Given the breadth and consequence of Crowe's misconduct, Crowe's Florida personnel ought to expect to testify more than once and possibly in more than one venue. At least in this case, if the Crowe witnesses live and work in Florida, as is alleged in the Complaint, Florida will be more convenient than New York. Crowe never explains why it wants to ship its own people to New York more than once.

In any event, the convenience of party witnesses is not the focus of the witness convenience factor. More important is the convenience of the nonparty witnesses, namely Republic's former management and finance personnel, who worked out of Republic's offices in south Florida and who are anticipated to have personal knowledge of crucial facts in this case.[8] Thus, this factor weighs in favor of venue in Florida and against transfer.

---

[8] *See* Complaint ¶ 17.

### E.      Florida Law Governs

The law to be applied is also a factor to be considered under 28 U.S.C. § 1404(a). This

factor also favors retention of the case in Florida.

Under its choice-of-law rules, Florida applies the "most significant relationship" test to

tort claims. *See Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999 (Fla. 1980) (adopting "most

significant relationship" test for torts as articulated by Restatement 2d Conflict of Laws § 145).

Under this test, Florida law applies.

The case involves tort claims arising out of audit services provided by public accountants

licensed and certified under Florida law, providing audit services to a Florida client, from their

Florida offices; no state other than Florida has a comparable relationship to the dispute. *See, e.g.,*

*FDIC v. Crowe Horwath LLP*, No. 17 CV 04384, 2018 U.S. Dist. LEXIS 105880, at *30-31

(N.D. Ill. June 25, 2018) (applying Iowa law to audit performed in Iowa); *FDIC v. Deloitte &*

*Touche*, 834 F. Supp. 1129, 1134 n.3 (E.D. Ark. 1992) (applying Arkansas law to case arising

out of Arkansas auditor work for Arkansas company); *Baena v. KPMG LLP*, 389 F. Supp. 2d

112, 117 n.4 (D. Mass. 2005).

Without citation to a single case, or even to Florida's choice-of-law provisions, Crowe

declares that it is "unclear whether Florida law applies at all." ECF 8 at 14. Crowe implies that

the laws of Illinois,[9] New York, New Jersey, Texas and London might apply, and it then

concludes that this ambiguity is a "factor … [that] weighs in favor of transfer." ECF 8 at 14. But

even if uncertainty existed, Crowe's conclusion would not follow. An unanswered question

---

[9] Crowe emphasizes that its engagement agreement with Republic contains an Illinois choice-of-law clause. *See* ECF No. 8 at 13. This is of no moment. The contracts between Crowe and Republic are not binding on the Lenders, who are not signatories, and they are not relevant because the claims asserted are in tort.

about the applicable law does not favor transfer to any particular jurisdiction; it would be a neutral factor, which does not help Crowe carry its burden.

### F.   Trial Efficiency and Interests of Justice

Crowe's assertion that this case would be resolved more efficiently in S.D.N.Y. alongside the pending Republic bankruptcy proceeding does not withstand scrutiny.

First, Crowe notes that the Southern District of Florida is "one of the busiest, congested district courts in the United States." ECF No. 8 at 15. That may be, but the Lenders have not chosen to litigate this matter in the Southern District of Florida: the suit was filed in state court and Crowe removed it to this Court. Having picked the restaurant, Crowe cannot now complain about the service.

Second, Crowe refers to congestion in the Southern District of Florida only, without addressing relative congestion in the proposed transferee court: the S.D.N.Y. In fact, a straight comparison between the two District Courts using publicly available federal caseload statistics from the Administrative Office of the United States Courts[10] shows that the S.D.N.Y. is more congested:

|  | % of Cases Over 3 Years Old | Median Mos. Filing to Trial (Civil Only) |
|---|---|---|
| SDNY (3/31/19) | 18.8% | 35.1 mos. |
| SD Fla (3/31/19) | 2% | 17.7 mos. |

Third, Crowe warns that without a transfer, this Court and the S.D.N.Y. "will be litigating overlapping issues of law and fact and presiding over redundant discovery," including "duplicative and overlapping deposition and document production demands." ECF 8 at 15-16.

---

[10] *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2019.pdf

These concerns, however, are just a parade of horribles, which can be mitigated or eliminated through intelligent coordination by the parties and case management.

Fourth, Crowe makes much of its supposed right to pursue the debtor, Republic, for "indemnification or contribution." ECF No. 8 at 3. But it provides no proof that it timely filed such a claim in the bankruptcy proceeding.  Indeed, it has not. *See* List of Creditors, *In re Miami Metals I, Inc.*, No. 18-13359 (SHL) (Bankr. S.D.N.Y filed Nov. 2, 2018) (report available on PACER).  Per order of the bankruptcy court, the deadline for Crowe to make such a claim was April 12, 2019.  *See* Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof at 2, *In re Miami Metals I, Inc.*, No. 18-13359 (SHL) (Bankr. S.D.N.Y Mar. 1, 2019), ECF No. 694; see also *Bender v. Lancer Mgmt. Grp., LLC*, 523 Fed. Appx. 554, (11th Cir. 2013) (explaining that contingent, unaccrued rights to payment under indemnity agreements entered into prior to bankruptcy are "claims" within the meaning of 11 U.S.C. § 101(5) and "[t]hat the claim remained contingent, unliquidated and unmatured at the time of the filing of the chapter 11 petition is immaterial to [creditor's] obligation to file a timely proof of claim under the Bankruptcy Code").

But even if Crowe could assert an indemnification or contribution claim in the bankruptcy against the debtor, it does not follow (and Crowe has not explained) that litigating those claims and this suit in different fora presents a genuine risk of inconsistent results. At most, it means that any determination of Crowe's right to indemnity should be deferred until Crowe's primary liability to the Lenders is resolved. Sequencing the cases in this manner would not be unusual.  Indemnity and contribution claims are often litigated after a determination of the primary liability of the indemnified party, and the law allows for that. Under Illinois law, for instance, an indemnity claim can be brought in a separate action after primary liability is

13

adjudicated, and the statute of limitation does not even start until the indemnified party settles or has a judgment rendered against it. *See Forty-Eight Insulations, Inc. v. Johns-Manville Prods. Corp.,* 472 F. Supp. 385, 393 (N.D. Ill. 1979); *United States v. Saint Louis Univ.*, No. 07-CV-0156-DRH, 2007 U.S. Dist. LEXIS 84915, at *12-14 (S.D. Ill. Nov. 16, 2007) (contribution may be pursued in separate action). New York is in accord for both indemnity claims, *McDermott v. New York*, 50 N.Y.2d 211, 216, 428 N.Y.S.2d 643, 645 (1980), and contribution claims, *Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 556-57, 583 N.Y.S.2d 957, 964 (1992).

> **G.  The Neutral Factors**

As Crowe concedes, many of the other, albeit lesser, recognized factors are neutral. Since Crowe bears the burden of proof to justify transfer, neutrality works against it.

**III.  28 U.S.C. § 1412 Is Not Available And, In Any Event, Does Not Change the Analysis**

In the alternative, Crowe seeks to transfer the case to S.D.N.Y. pursuant to 28 U.S.C. § 1412, which permits a district court to "transfer a case or proceeding *under title 11* to a district court for another district in the interest of justice or for the convenience of parties."

This case is not a case "under title 11." It is, at most, a case related to a pending bankruptcy. Plaintiffs' claims exist outside of bankruptcy and are based on Florida common law and statutory law. Because "related to" cases are not included in 28 U.S.C. § 1412, that provision is not an appropriate vehicle for transfer. *See Jones Searcy v. Knostman*, 155 B.R. 699, 706-07 (S.D. Miss. 1993); *In re Thomson McKinnon Secur., Inc.*, 126 B.R. 833, 834-35 (Bankr. S.D.N.Y. 1991); *but see Chex Sys., Inc. v. DP Bureau, Ltd. Liab. Co.*, No. 8:10-cv-2465-T-33MAP, 2011 U.S. Dist. LEXIS 130392, at *5 n.1 (M.D. Fla. Nov. 10, 2011) ("Courts within the Eleventh Circuit consider 28 U.S.C. § 1412 to be the appropriate authority under which a federal court may transfer a proceeding related to a bankruptcy proceeding to the district in which the bankruptcy court sits").

But even if § 1412 applied, it makes little difference to the analysis. A court should consider the same fundamental convenience factors under § 1412 as it does under § 1404. *ICICI Bank, Ltd. v. Essar Glob. Fund Ltd.*, 565 B.R. 241, 249 n.3 (S.D.N.Y. 2017); *Chex Sys., Inc.*, 2011 U.S. Dist. LEXIS 130392, at *5 n.1 (citing *In re Emerson Radio Corp.*, 52 F.3d 50, 55 (3d Cir. 1995)); *cf. Hampton-Stein v. Erwin I. Katz, Ltd.*, No. 09-80798-CIV-COHN/SELTZER, 2009 U.S. Dist. LEXIS 130425, at *7-8 (S.D. Fla. July 5, 2009) (applying the factors for transfer under §§ 1404 and 1412 interchangeably).

## CONCLUSION

For the reasons stated above, Defendant Crowe's Motion to Transfer should be denied.


Dated: August 21, 2019                     Respectfully submitted,

                                           SCOTT JAY FEDER, PA
                                           *Attorney for Plaintiffs*

                                           By: */s/Scott Jay Feder*
                                               Scott Jay Feder
                                           4649 Ponce de Leon Blvd, Ste. 402
                                           Coral Gables, FL 33146
                                           Scottj8@aol.com

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of August 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. A copy of the foregoing document will be served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing (NEF) generated by CM/ECF.

## SERVICE LIST

John E. Thornton, Jr., Esq.
Paul J. Schwiep, Esq.
Fernando L. Tamayo, Esq.
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse 1
Miami, FL 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261
JThornton@CoffeyBurlington.com
PSchwiep@CoffeyBurlington.com
FTamaya@CoffeyBurlington.com
YVB@CoffeyBurlington.com
Service@CoffeyBurlington.com
*Counsel for Defendant*

Andrew T Solomon (*pro hac vice* pending)
SOLOMON & CRAMER LLP
1441 Broadway, Suite 6026
New York, New York 10018
Telephone: (212) 884-9102
Facsimile: (516) 368-3896
ASolomon@SolomonCramer.com
*Co-Counsel for Plaintiffs*