# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:19-cv-23100-GAYLES/OTAZO-REYES

COÖPERATIEVE RABOBANK U.A., New York
Branch; BROWN BROTHERS HARRIMAN & CO.;
BANK HAPOALIM B.M.; MITSUBISHI
INTERNATIONAL CORPORATION; ICBC
STANDARD BANK PLC; TECHEMET METAL
TRADING, LLC; WOODFOREST NATIONAL
BANK and HAIN CAPITAL INVESTORS
MASTER FUND, LTD.,

        Plaintiffs,

vs.

CROWE LLP,

        Defendant.

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ABSTENTION AND REMAND

Case No. 1:19-cv-23100-GAYLES/OTAZO-REYES

## <u>TABLE OF CONTENTS</u>

Page

TABLE OF CITATIONS .................................................................................................. ii

I.   INTRODUCTION ...................................................................................................... 1

II.  FACTUAL BACKGROUND .................................................................................... 2

III. ARGUMENT .............................................................................................................. 4

    A.   Plaintiff's Request For Mandatory Abstention Should Be Denied. ............................ 4

        1.   Lenders Have Not Met Their Burden To Demonstrate That Litigating This Dispute In State Court Will Result In A Timely Adjudication. ........................... 6

        2.   This Action Was Not Pending Prior to the Bankruptcy. ..................................... 9

    B.   Permissive Abstention Should Be Denied. ................................................................ 10

        1.   Abstention Would Have A Significant Impact On The Bankruptcy Estate ....... 11

        2.   The Extent To Which State Law Issues Predominate ........................................ 11

        3.   The Difficulty Or Unsettled Nature Of The Applicable State Law ................... 12

        4.   The Presence Of Related Proceedings Commenced In State Or Other Non-Bankruptcy Courts ........................................................................................... 12

        5.   A Jurisdictional Basis Other Than Section 1334 .............................................. 12

        6.   The Degree Of Relatedness Or Remoteness Of The Proceedings To The Main Bankruptcy Case ............................................................................................... 12

        7.   The Substance Rather Than The Form Of An Asserted Core Proceeding ........ 13

        8.   The Feasibility of Severing State Claims from Core Claims ............................ 13

        9.   The Burden on the Bankruptcy Court Docket ................................................... 13

       10.   The Likelihood Of Forum Shopping ................................................................. 14

       11.   The Existence Of A Right To Jury Trial ........................................................... 14

       12.   The Presence In The Proceedings Of Non-Debtor Parties ................................ 14

       13.   Comity ............................................................................................................... 14

       14.   The Possibility Of Prejudice To Other Parties To The Action .......................... 15

       15.   Conclusion ......................................................................................................... 15

    C.   Alternatively, This Court Should Transfer this Action and Allow the Transferee Court to Resolve the Abstention Issues. ................................................................... 15

IV. CONCLUSION .......................................................................................................... 17

i

COFFEY │ BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 1:19-cv-23100-GAYLES/OTAZO-REYES

## <u>TABLE OF CITATIONS</u>

<u>Page</u>

**Cases**

*Allard v. Benjamin (In re DeLorean Motor Co.),*
   49 B.R. 900 (Bankr. E.D. Mich. 1985) ............................................................... 6, 7, 8

*Apotex Corp. v. Hospira Healthcare India Private Ltd., Case No. 18-CV-4903,*
   2019 WL 2802096 (S.D.N.Y. Aug. 13, 2019) ........................................................ 18

*Braucher v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago (In re Illinois–California Express,*
   *Inc.),*
   50 B.R. 232 (Bankr. D. Colo.1985) ........................................................................ 5

*Chiodo v. NBC Bank—Brooks Field (In re Chiodo),*
   88 B.R. 780 (W.D. Tex. 1988) ............................................................................... 7

*Christo v. Padgett,*
   223 F.3d 1324 (11th Cir. 2000) ............................................................................ 4, 5

*Constr. Supervision Servs., Inc.,* Ch. 11 Case No. 12-00569-8-RDD, Adv. No. 12-00111-8-RDD,
   2012 WL 2993891 (Bankr. E.D.N.C. July 20, 2012) .............................................. 5

*Container Transport, Inc. v. Scott Paper Co. (In re Container Transport, Inc.),*
   86 B.R. 804 (E.D. Pa.1988) .................................................................................... 5

*El Paso E&P Co., L.P. v. CMV Joint Venture,*
   No. 7:09-cv-1621-RDP, 2010 WL 11579728 (N.D. Ala. July 12, 2010) ................ 15

*Excelite Corp. v. Custom Vanities, Inc. (In re Excelite Corp.),*
   49 B.R. 923 (Bankr. N.D. Ga.1985) ....................................................................... 5

*Frazier v. Lawyers Title Ins. Corp. (In re Butcher),*
   46 B.R. 109 (Bankr. N.D. Ga. 1985) ...................................................................... 6

*George Junior Repub. in PA v. Williams,*
   No. 07-4537, 2008 WL 763304 (E.D. Pa. March 19, 2008) ................................... 16

*In re Amla Litig.,*
   282 F. Supp. 3d 751 (S.D.N.Y. 2017) ..................................................................... 8

*In re Antol Restoration, Inc.,*
   444 B.R. 481 (Bankr. S.D. Fla. 2011) ..................................................................... 6

*In re Colquett,*
   No. 08-11377-DHW, 2009 WL 1279507 (Bankr. M.D. Ala. 2009) ........................ 12

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 1:19-cv-23100-GAYLES/OTAZO-REYES

*In re EZ Pay Servs., Inc.*,
   390 B.R. 421 (Bankr. M.D. Fla. 2007) ........................................................................ 6

*In re Freeway Foods of Greensboro, Inc.*,
   449 B.R. 860 (Bankr. M.D.N.C. 2011) ................................................................... 5, 10

*In re Fisher Island Investments, Inc.*, No. 11-17047-AJC,
   2014 WL 1343269 (Bankr. S.D. Fla. Mar. 28, 2014) ............................................. 5, 9

*In re Hillsborough Holdings Corp.*,
   123 B.R. 1004 (Bankr. M.D. Fla. 1990) ..................................................................... 4

*In re Kachkar*,
   769 F. App'x 673 (11th Cir. 2019) ............................................................................. 5

*In re Landbank Equity Corp.*,
   77 B.R. 44 (E.D. Va. 1987) ........................................................................................ 5

*In re Lazar*,
   237 F.3d 967 (9th Cir. 2001) ...................................................................................... 4

*In re Lorax Corp.*,
   295 B.R. 83 (Bankr. N.D. Tex. 2003) ......................................................................... 6

*In re Mercer's Enters., Inc.*,
   387 B.R. 681 (Bankr. E.D.N.C. 2008) ........................................................................ 5

*In re Phoenix Diversified Inv. Corp.*,
   439 B.R. 231 (Bankr. S.D. Fla. 2010) ............................................................ 10, 11, 12

*In re Rupp & Bowman Co.*,
   109 F.3d 237 (5th Cir.1997) ....................................................................................... 5

*In re United Container LLC*,
   284 B.R. 162 (Bankr. S.D. Fla. 2002) ............................................................... passim

*In re Village at Dadeland Assocs., LLC*,
   No. 10-19301-BKC-AJC, 2012 WL 3013935 (Bankr. S.D. Fla. July 23, 2012) ... 10, 11, 12, 13

*In re Walker*,
   224 B.R. 239 (Bankr. M.D. Ga. 1998) ...................................................................... 13

*In re Wedlo, Inc.*,
   212 B.R. 678 (Bankr. M.D. Ala. 1996) ..................................................................... 15

*In re WorldCom, Inc. Securities Litigation*,
   293 B.R. 308 (S.D.N.Y. 2003) .................................................................................... 6

iii

*J.D. Marshall, Int'l, Inc. v. Redstart,*
    74 B.R. 651 (N.D. Ill. 1987)........................................................................ 6, 7

*MD Acquisition, LLC v. Myers,*
    2009 WL 466383......................................................................................... 15

*Ram Constr. Co. v. Port Authority of Allegheny County,*
    49 B.R. 363 (W.D. Pa.1985) ...................................................................... 5

*Reynolds v. Behrman Capital IV L.P.,*
    592 B.R. 892 (N.D. Ala. 2018) .................................................................. 5

*Security Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers,*
    124 F.3d 999 (9th Cir. 1997)...................................................................... 4

*Taxel v. Commercebank (In re World Fin. Servs. Center, Inc.),*
    64 B.R. 980 (Bankr. S.D. Cal.1986) ......................................................... 5

*Virginia ex rel. Integra REC LLC v. Countrywide Sec. Corp.,*
    92 F. Supp. 3d 469 (E.D. Va. 2015)........................................................... 10

*Waleski v. Montgomery, McCracken, Walker &Rhoads, LLP,*
    Case No. 3:18-CV-1144, 2018 WL 6977710 (M.D. Pa. Dec. 10, 2018) ............................ 16

*World Solar Corp. v. Steinbaum (In re World Solar Corp.),*
    81 B.R. 603 (Bankr. S.D. Ca.1988)........................................................... 6, 7

**Statutes**

28 U.S.C. § 157(a) ............................................................................................ 8

28 U.S.C. § 1334 ............................................................................................. 4, 10, 12

28 U.S.C. § 1334(b) ........................................................................................ 1, 3, 12, 14

28 U.S.C. § 1334(c) ........................................................................................ 4, 15

28 U.S.C. § 1334(c)(1)..................................................................................... 10

28 U.S.C. § 1409 ............................................................................................. 14

28 U.S.C. § 1452(a) ........................................................................................ 3, 4

28 U.S.C. § 1452(b) ........................................................................................ 4, 15

28 U.S.C. §§ 1404(a) and 1412........................................................................ 1, 2, 3, 14

Fla. Stat. §§ 501.201 - .213.............................................................................. 8

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Fla. Stat. § 1334(c)(2) ........................................................................................................... 4, 5

**Rules**

Fed. R. Bankr. P. 2019 ................................................................................................................ 3

Fed. R. Civ. P. 26(a)(1) .............................................................................................................. 3

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Defendant Crowe LLP ("Crowe") hereby files this response in opposition to Plaintiffs' Memorandum of Law in Support of Abstention and Remand (ECF No. 7).

## I.   INTRODUCTION

Plaintiffs/Lenders are creditors of Republic Metals Corporation ("Republic"), which is in bankruptcy reorganization in the United States Bankruptcy Court for the Southern District of New York.  In this case, Lenders allege that loan and lease agreements they executed with Republic were made in reliance on Crowe's audits of Republic's financial statements, which Lenders allege were inaccurate.  The loan and lease agreements form the basis for their claims in the bankruptcy.

Lenders concede, as they must, that federal jurisdiction exists over this case because this case is "related to" the ongoing Republic bankruptcy. ECF No. 7, at 2 ("Lenders do not contest removal or subject matter jurisdiction."); *see also* 28 U.S.C. § 1334(b).  This concession is unsurprising because the outcome of this case will likely impact the bankruptcy, and Lenders have appeared in the bankruptcy, identified Crowe as a material witness, and actively pursued their claims against Republic in the bankruptcy court.

Because this case is inextricably and integrally intertwined with the Republic bankruptcy pending in the Southern District of New York, Crowe removed the case under 28 U.S.C. §§ 1334(b) and 1452(a), and moved to transfer this action to the Southern District of New York under 28 U.S.C. §§ 1404(a) and 1412. *See* ECF Nos. 1 & 8 (hereinafter, "Transfer Motion").  As demonstrated in the Transfer Motion, this case easily meets the standards for transfer because it can be effectively and efficiently litigated in New York in close coordination with the bankruptcy proceeding. *Id.*  Lenders cannot seriously contest transfer as none of them are found

in Florida and five are actually headquartered or have offices in New York, which is where they allegedly received Crowe's audits. *Id.* at Ex. 3; *see also* Notice of Removal Ex. A-1 ¶¶ 70-71.

In Lenders' abstention and remand motion, Lenders essentially ask this Court to side-step Crowe's transfer request and return this case to state court.  The New York court—which, once again, already has all the parties here in front of it in a related proceeding and is intimately familiar with the background—should decide whether mandatory or permissive abstention is appropriate given the relative posture and relatedness of the two cases.

On its merits, Lenders' request for mandatory or permissive abstention lacks merit.  The requirements for mandatory abstention are not satisfied here because this action cannot be timely adjudicated in state court, as that statutory element is construed in the Southern District of Florida, and because the state action was not pending when the bankruptcy was filed.  Nor would permissive abstention be appropriate, because the pertinent factors do not support it.  Abstention and remand to state court will result in redundant and overlapping litigation in two fora.  It would foreclose the opportunities of judicial and litigation efficiencies which could be achieved through the transfer of this action to New York under § 1404(a) or § 1412.  It is Lenders' burden to demonstrate the propriety of mandatory or permissive abstention and they have not come close to doing so.

## II.    FACTUAL BACKGROUND

Plaintiffs Coöperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co., Bank Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank PLC, Techemet Metal Trading, LLC, Woodforest National Bank, and Bank Leumi USA (the predecessor in interest to Hain Capital Investors Master Fund, Ltd.) (collectively, "Lenders") are creditors in Republic's bankruptcy, which is being actively litigated in the United States

Bankruptcy Court for the Southern District of New York. *See* Transfer Motion, Ex. 1 & Bankr. ECF Nos. 21, 122, 210, 761.[1] They have been named in an adversary proceeding in the bankruptcy case, and they have proactively litigated in support of their rights as senior lenders to Republic. *Id.* They have named Crowe as a witness in the bankruptcy case (as have others) with respect to information concerning the valuation of Republic's inventory—an issue that is also central in the Complaint in this case. *See* Notice of Removal, Ex. B, Initial Disclosures, ECF No. 1; *id.* at Ex. A-1 ¶¶ 2-4 (alleging that Crowe should have known that Republic's inventory values were overstated).

Given the clear interrelatedness between this action and the bankruptcy litigation, "related to" jurisdiction exists under 28 U.S.C. § 1334(b) and Crowe properly removed this case to federal court under 28 U.S.C. § 1452(a) as Lenders concede. ECF Nos. 1 & 7. On August 7, 2019, Crowe moved to transfer this action to the Southern District of New York, where five of the Plaintiffs are located and where the Republic bankruptcy is pending, under 28 U.S.C. §§ 1404(a) and 1412. ECF No. 8, Transfer Motion.

Lenders, however, ask this Court to abstain from hearing the case and to remand it to state court—a result that would defeat the jurisdiction that § 1334(b) grants and eliminate the opportunities for efficient, streamlined, and coordinated litigation which § 1404(a) and § 1412 promote. This Court should deny Lenders' request for mandatory or permissive abstention on the merits, or, at a minimum, deny the request without prejudice to allow the Southern District of New York to decide the issue.

---

[1] These entries from the United States Bankruptcy Court for the Southern District of New York docket are to (1) Lenders' Notice of Appearance and Request for Service of Papers, ECF No. 21; (2) Adversary Case No. 18-01771 against Lenders brought by Cornerstone Asset Metals, LLC, ECF No. 122; (3) Lenders' Verified Statement Pursuant to Fed. R. Bankr. P. 2019, ECF No. 210; and (4) Lenders' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), ECF No. 761.

## III.   ARGUMENT

### A.   Plaintiff's Request For Mandatory Abstention Should Be Denied.

Lenders' request for mandatory abstention relies on 28 U.S.C. § 1334(c), which provides: "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." This abstention provision "should be narrowly construed and the abstention should be exercised sparingly and cautiously." *In re Hillsborough Holdings Corp.*, 123 B.R. 1004, 1010 (Bankr. M.D. Fla. 1990). In the Eleventh Circuit, [2] an action removed under 28 U.S.C. § 1334 is subject to mandatory abstention when (1) a party files a "timely" motion to abstain; (2) the action is based on a state law claim; (3) the action "relate[s] to a case under title 11" but it does not "aris[e] under title 11 or aris[e] in a case under title 11"; (4) the

---

[2]  The Ninth Circuit has held that the mandatory abstention provision in 28 U.S.C. § 1334(c) does not apply to actions removed under § 1452(a), *see In re Lazar*, 237 F.3d 967 (9th Cir. 2001) (§ 1334(c)(2) is "simply inapplicable" because after removal no other related state proceeding exists) and *Security Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997) ("Abstention can exist only where there is a parallel proceeding in state court… To require a pendent state court action as a condition of abstention eliminates any confusion with 28 U.S.C. § 1452(b), which provides district courts with the authority to remand civil actions properly removed to federal court, in situations where there is no parallel proceeding."). Thus, in the Ninth Circuit, § 1334(c) abstention would be completely unavailable since this case was removed to this Court under § 1452(a). While the Eleventh Circuit in *Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir. 2000) held that mandatory abstention may apply to removed cases, mandatory abstention is improper for the reasons stated herein. If this Court's view is that the mandatory abstention issue turns upon the split of authority between the Eleventh and Ninth Circuits, then Crowe asserts that *Christo v. Padgett* was wrongly decided, and the Ninth Circuit precedent should be adopted as the correct approach in this case and in the Eleventh Circuit.

court has no other basis for subject matter jurisdiction; and (5) the state court can timely

adjudicate the action. *See, e.g., Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir. 2000); *In re*

*Kachkar*, 769 F. App'x 673, 680 (11th Cir. 2019); *In re Rupp & Bowman Co.,* 109 F.3d 237, 239

(5th Cir.1997); *In re United Container LLC,* 284 B.R. 162, 172 (Bankr. S.D. Fla. 2002);

*Reynolds v. Behrman Capital IV L.P.*, 592 B.R. 892, 902 (N.D. Ala. 2018).

   Courts also hold that "a case must be pending in state court ***prior to bankruptcy*** for

mandatory abstention to apply." *In re Fisher Island Investments, Inc.*, No. 11-17047-AJC, 2014

WL 1343269, at \*3 (Bankr. S.D. Fla. Mar. 28, 2014) (emphasis added) (quoting *In re Freeway*

*Foods of Greensboro, Inc.,* 449 B.R. 860, 878 (Bankr. M.D.N.C. 2011) (collecting cases)[3]; *In re*

*Constr. Supervision Servs., Inc.*, Ch. 11 Case No. 12-00569-8-RDD, Adv. No. 12-00111-8-RDD,

2012 WL 2993891, at \*3 (Bankr. E.D.N.C. July 20, 2012); *In re Mercer's Enters., Inc.***,** 387 B.R.

681, 684 (Bankr. E.D.N.C. 2008);  *In re Landbank Equity Corp.,* 77 B.R. 44, 50 (E.D. Va. 1987).

On this basis alone, Lenders' argument for mandatory abstention fails because the bankruptcy

was filed first.

---

[3] *See Container Transport, Inc. v. Scott Paper Co. (In re Container Transport, Inc.),* 86 B.R. 804, 805–07 (E.D. Pa.1988) (holding that "an action [must] be pending in a state court forum at the time that a proceeding is initiated in the bankruptcy court in order for a party to successfully invoke mandatory abstention"); *Ram Constr. Co. v. Port Authority of Allegheny County,* 49 B.R. 363, 367 (W.D. Pa.1985) (holding that section 1334(c)(2) was not applicable since an action had not been commenced in state court); *Taxel v. Commercebank (In re World Fin. Servs. Center, Inc.),* 64 B.R. 980, 989 (Bankr. S.D. Cal.1986) ("Mandatory abstention does not apply to the instant case in that there is no pending state court action."); *Braucher v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago (In re Illinois–California Express, Inc.),* 50 B.R. 232 (Bankr. D. Colo.1985) (holding that a "proceeding in the state court forum [must have] been commenced" for mandatory abstention to apply); *Excelite Corp. v. Custom Vanities, Inc. (In re Excelite Corp.),* 49 B.R. 923, 925 (Bankr. N.D. Ga.1985) (holding that mandatory abstention was not applicable when there was no state court action pending), *cited in In re Freeway Foods of Greensboro, Inc.*, 449 B.R. 860, 877 (Bankr. M.D.N.C. 2011).

"The party requesting abstention must prove the existence of each element by a preponderance of the evidence." *In re EZ Pay Servs., Inc.*, 390 B.R. 421, 424 (Bankr. M.D. Fla. 2007) (quoting *In re Lorax Corp.,* 295 B.R. 83, 90 (Bankr. N.D. Tex. 2003)). "A party is not entitled to mandatory abstention if it fails to prove any one of the statutory requirements." *In re WorldCom, Inc. Securities Litigation,* 293 B.R. 308, 331 (S.D.N.Y. 2003), *quoted in In re EZ Pay Servs., Inc.*, 390 B.R. at 424.

Here, mandatory abstention is in applicable because Lenders have not met their burden to prove this action can be timely and efficiently resolved in state court, and because the state action was not pending when the Republic bankruptcy was filed.

1. <u>Lenders Have Not Met Their Burden To Demonstrate That Litigating This Dispute In State Court Will Result In A Timely Adjudication.</u>

"[C]ourts interpreting the phrase 'timely adjudication' have 'not focused primarily on when the case would be tried but rather on whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case.'" *In re Antol Restoration, Inc.*, 444 B.R. 481, 486 (Bankr. S.D. Fla. 2011) (quoting *In re United Container, LLC,* 284 B.R. 162, 174 (Bankr. S.D. Fla. 2002)); *see also World Solar Corp. v. Steinbaum (In re World Solar Corp.*), 81 B.R. 603, 612 (Bankr. S.D. Ca.1988); *J.D. Marshall, Int'l, Inc. v. Redstart,* 74 B.R. 651, 655 (N.D. Ill. 1987); *Allard v. Benjamin (In re DeLorean Motor Co.*), 49 B.R. 900, 911 (Bankr. E.D. Mich. 1985); *Frazier v. Lawyers Title Ins. Corp. (In re Butcher*), 46 B.R. 109, 113 (Bankr. N.D. Ga. 1985).

Lenders bear the burden to prove that the bankruptcy proceeding can be "timely adjudicated" in state court. *In re United Container LLC*, 284 B.R. at 174.  Courts in the Southern District of Florida consider seven factors to make this determination:

(1)     backlog of the state court and federal court calendar;

(2)     status of the proceeding in state court prior to being removed (i.e., whether discovery had been commenced);

(3)     status of the bankruptcy case;

(4)     the complexity of the issues to be resolved;

(5)     whether the parties consent to the bankruptcy court entering judgment in the non-core case;

(6)     whether a jury demand has been made; and

(7)     whether the underlying bankruptcy case is a reorganization or liquidation case.

*Id.; see also Chiodo v. NBC Bank—Brooks Field (In re Chiodo),* 88 B.R. 780, 787 (W.D. Tex. 1988)*; World Solar,* 81 B.R. at 612; *J.D. Marshall, Int'l,* 74 B.R. at 654–55; *In re DeLorean Motor,* 49 B.R. at 911.  These factors show this matter cannot be "timely adjudicated" in state Court.

1.     *Backlog*:  The backlog in the Complex Business Litigation Division of the Eleventh Judicial Circuit Court in and for Miami-Dade County (hereinafter, "State Court") is demonstrably greater than in either the United States District Court for the Southern District of Florida or in the United States District Court for the Southern District of New York.[4]

---

[4] Westlaw litigation analytics shows that malpractice actions in the Southern District of Florida are typically resolved in 220 days and in 400 days in the Southern District of New York. *See* Litigation Analytics Report for the United States District Courts for the Southern District of Florida & the Southern District of New York, attached as composite exhibit 1 hereto.  Statistics from the Florida Office of State Courts Administrator show that 36,231 civil cases where filed in the Eleventh Judicial Circuit in and for Miami-Dade County during fiscal year 2017-18 while only 31,515 were resolved resulting in a back log of 4,716 cases. *See* https://www.flcourts.org/content/download/430405/4673773/Chapter-4-Circuit-Civil-FY-2017-18.pdf, *last visited* Aug. 21, 2019.  As of the quarter ended June 30, 2019, the Eleventh Judicial Circuit reported 3,355 civil jury cases pending longer than 540 days (18 months). *See* ex. 2.  This Court is well familiar with the lengthy back log within the Complex Business Litigation Division of the Eleventh Judicial Circuit of Florida, where this case was pending prior to removal.

7

2.       *Status of Proceeding in State Court*:  The State Court case had just been filed when removed—no activity has occurred in State Court.

3.       *Status of Bankruptcy Case*: Significant activity has occurred in the bankruptcy case and the parties are exchanging information in the Southern District of New York.  Crowe has been served with three separate subpoenas there. Notice of Removal, Ex. C, D & E.  As previously noted, Lenders have identified Crowe as a witness with knowledge of facts central to the claims in the bankruptcy and this case—the purported value of Republic's inventory. *See id.*, Ex. B.  The scope of discovery on this critical issue will be litigated in the Southern District of New York.

4.       *Complexity of the Issues*:  The issues raised in this case can be resolved by courts in the Southern District of New York.[5]  In fact, as explained in the Transfer Motion, Florida law may not apply at all since Illinois law governs the relationship between Crowe and Republic.[6]

5.       *Whether The Parties Will Consent To The Entry Of Judgment By the Bankruptcy Court*:  This is unknown at present but Crowe seeks transfer to the district court in the Southern District of New York and thus this factor is irrelevant.[7]

---

[5] The Complaint states three claims for relief: Count I for negligent misrepresentation; Count II for gross negligence; Count III for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201-.213. Only the FDUTPA claim involves a unique aspect of Florida law but New York courts routinely interpret and apply FDUTPA.  *See, e.g., See, e.g., Apotex Corp. v. Hospira Healthcare India Private Ltd.*, Case No. 18-CV-4903, 2019 WL 2802096 (S.D.N.Y. Aug. 13, 2019); *In re Amla Litig.*, 282 F. Supp. 3d 751 (S.D.N.Y. 2017).

[6] Crowe's audits of Republic's financial statements were conducted under engagement agreements that provide Illinois law governs without regard to any choice of law principles.  *See* Transfer Motion, Comp. Ex. 5 (12/8/14 ltr. at 4 & 9/1/15 ltr. at 4).

[7]  As pointed out in the Transfer Motion, §§ 1404(a) and 1412 permit transfer between districts. After transfer, the United States District Court for the Southern District of New York may in its discretion refer the case to the United States Bankruptcy Court for the Southern District of New York pursuant to 28 U.S.C. § 157(a) which provides: "[e]ach district court may provide that any

6.      *Jury Demand*:  The Complaint requests a jury trial, which the District Court for the Southern District of New York can provide, and thus this factor does not support abstention.

7.      *Whether The Underlying Bankruptcy Case Is A Reorganization Or A Liquidation Case:*  The Republic bankruptcy was filed for reorganization pursuant to Chapter 11, not Chapter 7, of the bankruptcy code.  No reorganization plan has yet been confirmed.  This weighs heavily in favor of finding that this matter cannot be timely adjudicated in State court.  "If the underlying bankruptcy case is a Chapter 11 case and it is prior to confirmation, any significant delay in resolving claims which might substantially enhance the viability of the estate may prove fatal to the reorganization. Thus, in a Chapter 11 case, timely adjudication may be a critical factor on the decision to abstain."  *In re United Container LLC*, 284 B.R. 162, 175 (Bankr. S.D. Fla. 2002) (citation omitted).

For all these reasons, it should be beyond serious dispute that this case cannot be timely adjudicated in State Court as required by § 1334(c)(2).  Instead, "judicial economy" and the prompt "administration of the [bankruptcy] estate" can most readily be achieved by denying Lenders' request for mandatory abstention and transferring this action to the Southern District of New York where that court may coordinate these proceedings with the bankruptcy case.

2.      This Action Was Not Pending Prior to the Bankruptcy.

As stated above, another requirement for mandatory abstention, arising from the "is commenced" language of § 1334(c)(2), is that "a case must be pending in state court ***prior to bankruptcy*** for mandatory abstention to apply." *In re Fisher Island Investments, Inc.*, No. 11-17047-AJC, 2014 WL 1343269, at *3 (Bankr. S.D. Fla. Mar. 28, 2014) (internal quotation marks

---

… cases … related to a case under title 11 shall be referred to the bankruptcy judges for that district."

omitted) (emphasis added). The bankruptcy case was filed on November 2, 2018. Transfer

Motion, Ex. 1. This action was filed in State Court on or about June 24, 2019. Notice of

Removal Ex. A-1. Because this action was not "pending in state court prior to the bankruptcy,"

mandatory abstention does not apply.

      **B.**   **Permissive Abstention Should Be Denied.**

     This Court should also deny Lenders' request for permissive abstention. While district

courts have discretion to "abstain[ ] from hearing a particular proceeding arising under title 11 or

arising in or related to a case under title 11," 28 U.S.C. § 1334(c)(1), "courts should abstain from

ruling on a controversy within their jurisdiction only in limited, exceptional circumstances." *In

re Phoenix Diversified Inv. Corp.*, 439 B.R. 231, 246 (Bankr. S.D. Fla. 2010). Indeed,

"[a]bstention is to be used sparingly. . .." *In re Village at Dadeland Assocs., LLC*, No. 10-19301-

BKC-AJC, 2012 WL 3013935, at *1 (Bankr. S.D. Fla. July 23, 2012). "[A] federal court must

accept the jurisdiction granted it, and only in rare occasions is discretionary abstention

warranted." *Virginia ex rel. Integra REC LLC v. Countrywide Sec. Corp.*, 92 F. Supp. 3d 469,

475 (E.D. Va. 2015), *quoted in In re Freeway Foods of Greensboro, Inc.*, 449 B.R. 860, 879

(Bankr. M.D.N.C. 2011).

     Courts in this district look to the following factors to determine whether to exercise

permissive abstention: (1) the effect, or lack of effect, on the efficient administration of the

bankruptcy estate if discretionary abstention is exercised; (2) the extent to which state law issues

predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state

law; (4) the presence of related proceedings commenced in state court or other non-bankruptcy

courts; (5) the jurisdictional basis, if any, other than § 1334; (6) the degree of relatedness or

remoteness of the proceedings to the main bankruptcy case; (7) the substance rather than the

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. *In re Phoenix*, 439 B.R. at 245-46; *In re Village at Dadeland*, 2012 WL 3013935, at *1. No one factor is controlling, and this Court has discretion to determine the relative weight given to each factor. *Id.* Here, these factors weigh in favor of denying abstention.

1.     Abstention Would Have A Significant Impact On The Bankruptcy Estate

Lenders' Complaint asserts claims that are intertwined with the bankruptcy, including the value of Republic's inventory. Specifically, Lenders' purported claims stem from Crowe's accounting services to Republic and Lenders' alleged reliance on Crowe's audit reports when entering into loan and lease agreements with Republic—the same relationships that give rise to Lenders' creditor claims in the bankruptcy. Likewise, Crowe's indemnification agreements with Republic regarding its accounting services will impact the property in the bankruptcy estate available to bankruptcy creditors. Indemnification agreements allow Crowe to recover its attorneys' fees and costs incurred as a result of third-party claims arising out of services provided to Republic. Thus, the bankruptcy estate could not be properly administered until this action, as well as Republic's indemnification of Crowe, is fully resolved. This factor weighs heavily against abstention.

2.     The Extent To Which State Law Issues Predominate

Although Lenders' claims arise under state law, Crowe's audits of Republic's financial

11

statements were conducted under engagement agreements that provide for Illinois law to govern without regard to any choice of law principles. *See* Transfer Motion at 14. Illinois law will thus clearly govern Crowe's indemnity claims against Republic, and may govern Lenders' claims here, *id.*, particularly given that Crowe is not alleged to have made any representations to Lenders in Florida. *Id.* It is therefore unclear whether Florida law applies at all, and this factor does not support abstention in favor of a Florida State Court.

3.    The Difficulty Or Unsettled Nature Of The Applicable State Law

Lenders negligence and FDUTPA claims neither are difficult nor raise unsettled issues of state law. *See In re Phoenix*, 439 B.R. at 246; *In re Colquett*, No. 08-11377-DHW, 2009 WL 1279507, at *2 (Bankr. M.D. Ala. 2009) (concluding that abstention was inappropriate where, although state law issues predominated, the issues raised did not present difficult or unsettled aspects of state law).

4.    The Presence Of Related Proceedings Commenced In State Or Other Non-Bankruptcy Courts

To Crowe's knowledge, no other related proceedings have been commenced in other state or non-bankruptcy courts.

5.    A Jurisdictional Basis Other Than Section 1334

Federal jurisdiction here is premised on 28 U.S.C. §§ 1334(b), 1367 and 1452(a).

6.    The Degree Of Relatedness Or Remoteness Of The Proceedings To The Main Bankruptcy Case

This case is not only "related to" the main bankruptcy case it is significantly intertwined with that case—as is demonstrated by the subpoenas to Crowe and Lenders' Initial Disclosures in bankruptcy court identifying Crowe as a witness concerning the value of Republic's inventory.

12

Consequently, the bankruptcy court in the Southern District of New York can better control and coordinate the direction and timing of this litigation. *In re Walker*, 224 B.R. 239, 242 (Bankr. M.D. Ga. 1998) (When "the evidence in … two courts in … two cases would be virtually the same" . . . the court should "not voluntarily abstain from any of the Counts listed in the Complaint."). Lenders have already appeared and asserted claims as creditors in the bankruptcy proceeding, and Lenders have disclosed Crowe as a witness in that proceeding. These facts, coupled with Crowe's indemnification claims against Republic arising out of this action, weigh against abstention.

　　　　　　7.　　　The Substance Rather Than The Form Of An Asserted Core Proceeding

This action involves non-core proceedings and Lenders' claims fall under state law. This factor is thus neutral. *In re Village at Dadeland*,  2012 WL 3013935, at *3.

　　　　　　8.　　　The Feasibility of Severing State Claims from Core Claims

Severance is not an issue here because this action concerns non-core proceedings and state law claims—this factor is neutral. *Id.*

　　　　　　9.　　　The Burden on the Bankruptcy Court Docket

The burden on a backlogged State Court weighs in favor of the federal courts retaining jurisdiction, which offers opportunities for judicial efficiencies. *See id.; see also infra.* n. 4. The bankruptcy court in the Southern District of New York is already familiar with the underlying facts in this case. The audit services Crowe provided to Republic are already at issue in the bankruptcy proceeding. If this case does not proceed in the bankruptcy court, then both the Southern District of New York and a state court in Miami-Dade County will be litigating overlapping issues of law and fact and presiding over redundant proceedings that could impose potentially inconsistent discovery obligations. This would clearly waste judicial resources and

create risks of inconsistent rulings. This would also subject Crowe's and Lenders' witnesses to duplicative and overlapping deposition and document production demands in the bankruptcy court and State Court. These factors weigh against abstention.

10.    The Likelihood Of Forum Shopping

There is absolutely no evidence that the commencement of any proceedings in the bankruptcy court involves forum shopping. Rather, Lenders' initiation of this action in a state court in Miami-Dade County, having already appeared and asserted their rights in the bankruptcy proceeding where they are largely present and where they could have originally commenced this action under 28 U.S.C. §§ 1404(a) and 1409(a), smacks of forum shopping.  Lenders could have initiated this action in the Southern District of New York, which has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1334(b) and 1367, and where venue is proper under 28 U.S.C. § 1409.

11.    The Existence Of A Right To Jury Trial

Lenders have requested a jury trial, which this court or the Southern District of New York can provide.

12.    The Presence In The Proceedings Of Non-Debtor Parties

The parties in this case are non-debtor parties who have appeared in the bankruptcy proceeding.

13.    Comity

Comity is not implicated in this action.  To the extent that Lenders argue comity favors allowing Florida courts to adjudicate cases under Florida law, choice-of-law principles may dictate that another state's laws govern given the choice-of-law provision in Crowe's

engagement agreements.  And in any event, Crowe is a national accounting firm with partners and offices located in many states including New York.

14. <u>The Possibility Of Prejudice To Other Parties To The Action</u>

Crowe and other parties would be prejudiced by abstention because they would be deprived of timely, cost-effective adjudication of this dispute in coordination with the bankruptcy.

15. <u>Conclusion</u>

When evaluating all factors, the applicable facts and law weigh against permissive abstention here.  For the same reasons, the Court should deny Lenders' request for equitable remand. *MD Acquisition, LLC v. Myers*, 2009 WL 466383, at *5 (S.D. Ohio Feb. 23, 2009 ("Permissive abstention under 28 U.S.C. § 1334(c) and equitable remand under 28 U.S.C. § 1452(b) are essentially identical, and courts examine the same set of factors under either section.").

**C.** **<u>Alternatively, This Court Should Transfer this Action and Allow the Transferee Court to Resolve the Abstention Issues.</u>**

As argued in the Transfer Motion, the Southern District of New York is in the best position to resolve the abstention and remand issues. *See El Paso E&P Co., L.P. v. CMV Joint Venture*, No. 7:09-cv-1621-RDP, 2010 WL 11579728, at *7 (N.D. Ala. July 12, 2010) ("deciding first whether to transfer this case is the sound course of action" because "only" the home "bankruptcy court has the requisite familiarity with the title 11 case necessary to consider the comparative advantage of integrating the state court litigation with the bankruptcy"); *In re Wedlo, Inc.*, 212 B.R. 678, 679 (Bankr. M.D. Ala. 1996) (transferring action and holding that "the bankruptcy court in which the chapter 11 case is pending is in the best position to determine

15

the issues underlying the motion to remand, abstain, or dismiss."); *Waleski v. Montgomery, McCracken, Walker &Rhoads, LLP*, Case No. 3:18-CV-1144, 2018 WL 6977710, at *4 (M.D. Pa. Dec. 10, 2018) (holding that allowing the Southern District of New York after transfer to decide jurisdictional issues furthers the purpose of "related to" bankruptcy court jurisdiction by allowing "the case [to] be litigated in the district where the bankruptcy was filed"); *George Junior Repub. in PA v. Williams*, No. 07-4537, 2008 WL 763304, at ** 5-6 (E.D. Pa. March 19, 2008) (holding that a "preference for transferring the case to the 'home court' to determine venue is rooted in the logical conclusion that the 'home court' is in the best position to evaluate the claims and determine whether remand is appropriate"). The Southern District of New York— the "home court" for the Republic bankruptcy and the home of most of the Lenders—is already familiar with the facts and circumstances that bear on whether to abstain and remand.

The decision in *In re United Container, LLC*, 284 B.R. 162 (Bankr. S.D. Fla. 2002), does not support a different approach. There, while the court took up the remand issue first, it noted that its initial "intention was to consider the [m]otion to [t]ransfer [v]enue first," but then the removing "[d]efendants stipulated to the procedure urged by the [plaintiff]" to have the court first determine whether to remand before ruling on the transfer motion. *Id.* at 166. That sequencing does not further the interests of justice and comity in this case since the Southern District of New York is best situated to evaluate the abstention and remand factors given the overlap in the cases.

Accordingly, as an alternative to denying Lenders' abstention request outright, this Court should grant Crowe's transfer request and allow the Southern District of New York to resolve the abstention issues.

IV.     **CONCLUSION**

For all these reasons, the motion for abstention and remand should be denied and this

case should be transferred to the Southern District of New York.  Alternatively, this Court should

transfer this action without prejudice to the Southern District of New York resolving the

abstention and remand request.


Dated:   August 21, 2019                          Respectfully submitted,

                                                  COFFEY BURLINGTON, P.L.
                                                  2601 South Bayshore Drive, Penthouse 1
                                                  Miami, Florida  33133
                                                  Telephone:     (305) 858-2900
                                                  Facsimile:     (305) 858-5261


                                          By:__s/   Paul J. Schwiep_____
                                               Paul J. Schwiep, FBN 823244
                                               PSchwiep@CoffeyBurlington.com
                                               Fernando L. Tamayo, FBN 28530
                                               FTamayo@CoffeyBurlington.com
                                               John E. Thornton, Jr., FBN 1003818
                                               JThornton@CoffeyBurlington.com
                                               Secondary:     YVB@CoffeyBurlington.com
                                               Tertiary:       service@CoffeyBurlington.com

                                               *Counsel for Defendant Crowe LLP*

17

Case No. 1:19-cv-23100-GAYLES/OTAZO-REYES

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 21, 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

s/  Paul J. Schwiep

| Service List | |
|---|---|
| **Scott Jay Feder, Esq.**<br>ScottJ8@aol.com<br>SCOTT JAY FEDER, P.A.<br>4649 Ponce de Leon Boulevard, Suite 402<br>Coral Gables, Florida  33146<br>Telephone:     (305) 669-0060<br>Facsimile:     (305) 669-4220<br>Secondary:<br>AssistantScottJFeder@hotmail.com<br><br>***Counsel for Plaintiffs*** | **Andrew T. Solomon**<br>Attorney at Law (*pro hac vice* pending)<br>ASolomon@SolomonCramer.com<br>SOLOMON & CRAMER LLP<br>1441 Broadway, Suite 6026<br>New York, New York  10018<br>Telephone:     (212) 884-9102<br>Direct Dial:     (646) 518-7822<br>Cell:                (917) 664-5575<br>Facsimile:     (516) 368-3896<br><br>***Counsel for Plaintiffs*** |

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261