UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-23100-GAYLES/OTAZO-REYES

COÖPERATIEVE RABOBANK U.A., New York
Branch, BROWN BROTHERS HARRIMAN &
CO., BANK HAPOALIM B.M.; MITSUBISHI
INTERNATIONAL CORPORATION, ICBC
STANDARD BANK PLC, TECHEMET METAL
TRADING, LLC, WOODFOREST NATIONAL
BANK, and HAIN INVESTORS MASTER FUND,
LTD.,

    PLAINTIFFS,

vs.

CROWE LLP,

    DEFENDANT.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ABSTENTION AND REMAND**

  Coöperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co.; Bank Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank Plc, Techemet Metal Trading, LLC, Woodforest National Bank, and Hain Investors Master Fund, Ltd. (collectively, the "Lenders"), submit this memorandum of law in support of their motion for the Court to abstain from exercising jurisdiction under 28 U.S.C. § 1334(c) and to remand the case pursuant to 28 U.S.C. § 1447(c) and § 1452(b).

I.   INTRODUCTION

  This is an action for damages suffered by Lenders in reliance on defendant Crowe LLP's grossly negligent audit of the 2014 and 2015 financial statements of Republic Metals Corporation ("Republic"), which resulted in damages to Lenders in excess of $57 million. On June 24, 2019, Lenders sued Crowe for negligence, gross negligence, and for violating Florida's Deceptive and Unfair Trade Practices Act in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, which is the county in which the audit work was performed by

Crowe's Miami office (assisted by its Fort Lauderdale office) and where Republic maintained a

principal office. Crowe does not dispute the jurisdiction or venue of the state court.

Crowe removed the case pursuant to 28 U.S.C. §§ 1441, 1446, 1453 ("Removal of claims

related to bankruptcy cases"), claiming subject matter jurisdiction under 28 U.S.C. §§ 1334(b)

and 1452 primarily and 28 U.S.C. § 1367 for supplemental jurisdiction. Although it is arguable

whether this case is sufficiently "related to" the Republic Bankruptcy (*In re Republic Metals*

*Corporation,* Case No. 18-13359 (Bankr. S.D.N.Y.)), Lenders do not contest removal or subject

matter jurisdiction.

Even assuming that removal was correct and subject matter jurisdiction exists, the Court

must, nevertheless, abstain from exercising jurisdiction, under 28 U.S.C. § 1334(c)(2), and

remand the case, under 28 U.S.C. § 1447(c) and § 1452(b). The reason is straightforward: First,

the Court's subject matter jurisdiction under 28 U.S.C. § 1334(b) is original, but non-exclusive.

Second, § 1334(c)(2) requires mandatory abstention if, upon timely motion of a party, the

following conditions are met, (i) that the cause of actions are under state law; (ii) that they "relate

to" a pending bankruptcy action, but do not "arise under" title 11; (iii) that no other independent

basis for federal subject matter jurisdiction exists, *i.e.*, diversity; and (iv) that the claims can be

timely adjudicated in state court.  All these conditions are satisfied.

Because abstention is mandatory, the Court need not consider permissive abstention

under § 1334(c)(1). But abstention under that provision is also justified.

## II.    ARGUMENT

The single issue presented by this abstention and remand motion is whether the Court is

required or should, in its discretion, abstain from exercising subject matter jurisdiction over this

case pursuant to 28 U.S.C. § 1334(c).[1] According to Professor Moore, "Abstention doctrines are properly understood as limiting federal courts' adjudication of cases over which they have subject matter jurisdiction." 17A Moore's Federal Practice - Civil § 122.01 (2019).

    A.    <u>Mandatory Abstention</u>.

A federal district court has concurrent but not exclusive jurisdiction over cases "arising in or related to cases under title 11." 28 U.S.C. § 1334(b) ("the district courts shall have original but not exclusive jurisdiction of all cases under title 11"); *In re Brady Mun. Gas Corp.*, 936 F.2d 212, 218 (5th Cir. 1991). When a case is concurrently or previously pending (now removed) in state court, a federal district court may abstain from exercising jurisdiction in its discretion under § 1334(c)(1). But abstention is mandatory if the conditions under § 1334(c)(2) are met. They are as follows:

- The proceeding is based on a state-law claim or cause of action;

- The proceeding is related to a bankruptcy case but did not arise in a bankruptcy case or under the Bankruptcy Code;

- The only basis of original federal jurisdiction is the proceeding's relation to a bankruptcy case;

- An action on the claim or cause of action is commenced in a state forum of appropriate jurisdiction and can be timely adjudicated in that forum; and

- A party to the federal proceeding has made a timely motion for abstention.

15A Moore's Federal Practice - Civil § 104.41 (2019); 1 Norton Bankr. L. & Prac. 3d § 4:40 (2019); *Whitney Nat'l Bank v. Lakewood Inv'rs*, No. 11-0179-WS-B, 2011 U.S. Dist. LEXIS

---

[1] § 1334(c)(2) does not set a time limit for moving for abstention. Some courts have required a moving party to move "as soon as possible." *Liberty Bank & Tr. Co. Successor v. Danley (In re Danley)*, 552 B.R. 871, 887 (Bankr. M.D. Ala. 2016) (6 months too late). Remand motions under § 1447(c), however, must be made within 30 days, and Lenders are well within that time frame. (No similar time limit is provided under § 1452(b)).

83775, at \*16 (S.D. Ala. July 28, 2011); *E.S. Bankest v. United Beverage Fla.*, 284 B.R. 162, 171-72 (Bankr. S.D. Fla. 2002); *Sago v. Wal-Mart Stores, Inc.*, 280 F. Supp. 2d 578, 587-88 (S.D. Miss. 2003).

All five mandatory abstention factors are met here:  (1) The claims in the case are based on the Florida common law and its statutory law. (2) This proceeding is, at most, related to the Republic Bankruptcy, but in no way did it "arise in a bankruptcy case or under the Bankruptcy Code." Indeed, Crowe admits that the claims in suit are non-core under 28 U.S.C. § 157[2]; *see also Walker v. Commercial Credit Corp.*, 192 B.R. 260, 266 (M.D. Ala. 1996) ("Core proceedings are those proceedings which would not exist in law in the absence of the Bankruptcy Court"). (3) No other basis for federal jurisdiction applies—no federal question is presented and diversity does not exist given that Crowe is a multistate and multinational partnership, giving it the citizenship of all of its partners (*Cadle Co. II v. Menchion*, No. 16-10380, 2018 U.S. App. LEXIS 15069, at \*8-9 (11th Cir. June 4, 2018)); (4) There is a pending state court action, *i.e.*, the case that was removed and can be remanded. *Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir. 2000). (5) The state court has jurisdiction over the parties and can timely adjudicate the dispute. (6) Lenders have filed this motion to abstain and remand as soon as possible and within the 30 days required for a remand motion under 28 U.S.C. § 1447(c).

Because all the mandatory abstention conditions are satisfied, abstention is required, and the case must be remanded to the state court.

B.       Permissive Abstention.

Even if abstention were not mandatory, the Court should abstain and remand in its discretion.

---

[2] ECF 1 at ¶ 32.

The two statutory sources for the Court's authority to abstain permissively are 28 U.S.C. §§ 1334(c)(1) (discretionary abstention)[3] and 1452 (equitable remand)[4]. Under these provisions, the Court may abstain and remand, in its discretion (*In re Gober*, 100 F.3d 1195 (5th Cir. 1996)), based on the following fourteen factors:

> (1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, (12) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action.

*E.S. Bankest*, 284 B.R. at 176; 1 Norton Bankr. L. & Prac. 3d § 4:40 (listing 14 factors).

The overwhelming majority of these factors favor permissive abstention. First, this case, which does not involve claims against the debtor, will not affect the efficient administration of the bankruptcy. Second, the claims are based on state law not bankruptcy law issues. Third, no other federal jurisdictional basis exists. Fourth, the claims are not core. Fifth, the Lenders did not engage in forum shopping, having selected the jurisdiction that has, by far, the most significant relationship to the dispute *and* that is the most convenient for witnesses and the defendants. Sixth, the Lenders have a right to a jury trial. Seventh, comity favors allowing Florida courts to

---

[3] § 1334(c)(1) provides, in relevant part: "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

[4] § 1452(b) provides, in relevant part: "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

adjudicate cases under Florida law concerning misconduct by Florida residents. Eighth, no party

will be prejudiced by litigating the case in state court in Florida.

Similar factors for abstention existed in *E.S. Bankest*, 284 B.R. at 177, and the Court

there found that abstention was warranted. *See also Hayim v. Goetz (In re SOL, LLC)*, 419 B.R.

498 (Bankr. S.D. Fla. 2009); *Pritchard v. Johnson & Johnson*, No. 19-01104-JKO, 2019 Bankr.

LEXIS 2091 (Bankr. S.D. Fla. July 9, 2019); *Peterson v. 610 W. 142 Owners Corp. (In re 610

W. 142 Owners Corp.)*, 95 Civ. 3699 (JFK), 95 Civ. 9794 (JFK), 1999 U.S. Dist. LEXIS 6775, at

*10-11 (S.D.N.Y. May 10, 1999), are in accord.

## III.     CONCLUSION

Assuming for the purposes of this motion that subject matter jurisdiction exists under 28

U.S.C. § 1334(a), on motion of the Lenders to remand, this Court is required to abstain and

remand. Even if mandatory abstention did not apply, abstention in the Court's discretion would

be equitable.

Case 20-09-0625-8100-0-PCL-4-Doc-ket-08/17/20-Entered-03/17/20-15:03:21-Motion 7 of 8
Case 1:20-cv-61958-LOS-Document 1-5-Filed 03/07/19 Page 7 of 7
Pg 7 of 8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of August 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. A copy of the foregoing document will be served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing (NEF) generated by CM/ECF.

<u>CERTIFICATION</u>

Counsel for Plaintiffs certifies that he has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

SCOTT JAY FEDER, PA
*Attorney for Plaintiffs*
Scott Jay Feder
4649 Ponce de Leon Blvd, Ste. 402
Coral Gables, FL 33146
Telephone: (305) 669-0060
Facsimile: (305) 669-4220
Scottj8@aol.com
assistantscottjfeder@hotmail.com

## SERVICE LIST

John E. Thornton, Jr., Esq.
Paul J. Schwiep, Esq.
Fernando L. Tamayo, Esq.
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse 1
Miami, FL 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261
JThornton@CoffeyBurlington.com
PSchwiep@CoffeyBurlington.com
FTamaya@CoffeyBurlington.com
YVB@CoffeyBurlington.com
Service@CoffeyBurlington.com
*Counsel for Defendant*

Andrew T Solomon (*pro hac vice* pending)
SOLOMON & CRAMER LLP
1441 Broadway, Suite 6026
New York, New York 10018
Telephone: (212) 884-9102
Facsimile: (516) 368-3896
ASolomon@SolomonCramer.com
*Co-Counsel for Plaintiffs*

Case 20-09-0612811-00-0082-1 e4-DocFiled 03/17/20 Entered 03/17/20 14:50:09 21-7081 7 Motion 8 of 8
Case 1:20-cv-01305-LGS Document 14 Filed 08/01/19 Page 1 of 1
Pg 8 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-23100-GAYLES/OTAZO-REYES

| |
|---|
| COÖPERATIEVE RABOBANK U.A., New York Branch, BROWN BROTHERS HARRIMAN & CO., BANK HAPOALIM B.M.; MITSUBISHI INTERNATIONAL CORPORATION, ICBC STANDARD BANK PLC, TECHEMET METAL TRADING, LLC, WOODFOREST NATIONAL BANK, and HAIN INVESTORS MASTER FUND, LTD., <br><br>               PLAINTIFFS, <br><br> vs. <br><br> CROWE LLP, <br><br>               DEFENDANT. |

**ORDER**

Defendant having removed the case from the Circuit Court of the 11th Judicial Circuit in and for Miami-Date County, Florida, pursuant to a Notice of Removal filed on July 25, 2019 (FLSD Docket Doc. 1);

Plaintiffs having timely moved for an order requesting that the Court abstain from exercising jurisdiction under 28 U.S.C. § 1334(c) and that the Court remand the case pursuant to 28 U.S.C. § 1447(c) and § 1452(b), it is hereby

ORDERED AND ADJUDGED as follows:

1. The Court abstains from exercising subject matter jurisdiction;

2. The case is remanded to the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

DONE AND ORDERED this __ day of _____, 2019

_____
Darrin P. Gayles
U.S. District Judge

Copies Furnished:
All Counsel of record